OXFORD PAPER COMPANY, Petitioner for Mandamus

*vs.*

ARTHUR L. THAYER et als.

Cumberland.    Opinion January 27, 1923.

*Under the Workmen's Compensation Act, generally speaking, an employer, if he accepts as to any must accept as to all his employees in a given business, but by Sec. 4, Chap. 238, Public Laws, 1919, it is optional with an employer of loggers and drivers whether he is carrying on that business alone or in connection with his general business, to avail himself of the Act or not as he sees fit.*

By Sec. 4, Chap. 238, Public Laws, 1919, "Cutting, hauling, rafting and driving of logs" are excluded from the provisions of Section 2 of the Act, and whether an employer carries on a logging or driving operation as his sole business or as a part of his general business, the provisions of Section 2 do not apply to that particular kind of work.

The language of Section 4 goes no further than to exclude loggers and drivers from the effect of Section 2, and does not exclude laborers in that business from

the benefit of the Act if their employers see fit to include them.   It is optional
with employers of loggers and drivers to avail themselves of the Act or not as
they see fit.

The petitioner's written assent in this case included pulp and paper manufacturing
and excluded cutting, hauling, rafting and driving logs.   The assent and policy
being in proper form it was the duty of the Industrial Accident Commission to
issue the required certificate.

On report.   A petition for mandamus by the Oxford Paper Com-
pany to compel the Industrial Accident Commission to issue to it a
certificate as an assenting employer.   In its application and policy
filed by petitioner with the Commission the kind of business was
described as "Pulp and Paper Manufacturing excluding cutting,
hauling, rafting and driving logs."   The Commission refused to
issue a certificate to the Oxford Paper Company as an assenting
employer contending that it had no right to exclude cutting, hauling,
rafting and driving logs in its assent and insurance policy.   By agree-
ment of the parties the cause was reported to the Law Court.   Peti-
tion granted.   Peremptory writ of mandamus to issue as prayed for.

The case is fully stated in the opinion.

*Leon V. Walker,* for petitioner.

*Arthur L. Thayer,* for Industrial Accident Commission.

SITTING:   CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN,
. MORRILL, WILSON, DEASY, JJ.

CORNISH, C. J.   The Oxford Paper Company for the purpose of
becoming an assenting employer under the Workmen's Compensation
Act, filed with the Industrial Accident Commission a written assent
and a copy of an Industrial Accident Policy as required by the Act.
The written assent specified  the location of  the business  to be
"Rumford, Oxford County, Maine," and  the kind of  business
included in the assent to be "Pulp and paper manufacturing, exclud-
.ing cutting, hauling, rafting and driving logs."   The insurance policy
contains a similar provision:   "This employer is conducting no other
business operations at this or any other location not herein dis-
closed  .  .  .  .  excepting cutting, hauling, rafting and driving
of logs which are excluded from the operation of this policy."

The Commission refused to issue a certificate to the petitioner as
an assenting employer on the ground that the company had no right

to exclude cutting, hauling, rafting and driving logs in its assent and policy. The Paper Company therefore brought this petition for a writ of mandamus against the Commission and the cause is before this court on report. The single question is whether under the provisions of the Workmen's Compensation Act the petitioner is entitled to its certificate as an assenting employer with the exceptions contained in the application and policy.

The grounds upon which the Commission refuse to issue the certificate are: First, that an employer carrying on a given business must accept the provisions of the Workmen's Compensation Act as to his entire business if he would accept them at all, that he cannot accept as to a part of his employees and decline as to the others. Second, that so far as this petitioner is concerned, the cutting, hauling, rafting and driving logs is a part of its business as a manufacturer of pulp and paper, and therefore it follows, Third, that this branch cannot be excepted from its assent and certificate.

The petitioner while conceding as a general rule the soundness of the major premise that an employer, generally speaking, if he accepts as to any must accept as to all his employees in a given business, and cannot be allowed to accept as to a part only, yet it strenuously contends that even conceding that as a matter of business management and of bookkeeping, its woods department is carried on as a branch of its general manufacturing, yet that branch is excluded by Section 4 from the provisions of Section 2 of the Act, and that whether an employer carries on a logging or driving operation as his sole business or as a part of his general business, still the provisions of Section 2 do not apply to that particular kind of work. This fairly states the contentions between the parties, and we are of opinion that the construction placed upon the statute by the petitioner is the reasonable and proper one. Public Laws, 1919, Chap. 238, Sec. 2, provides in substance that in an action of tort to recover damages for personal injuries or for death resulting from personal injuries sustained by an employee in the course of his employment, the three common law defenses of contributory negligence, negligence of a fellow servant and assumption of risk cannot be set up. Section 3 provides that Section 2 shall not apply to employers of five or less workmen employed regularly in the same business. The practical effect of these two provisions therefore is that employers of more than five are generally led to accept the terms of the Act from a sense of

self protection. They cannot afford to run the risk of actions for injuries or death, when they are deprived of the three usual defenses.

Section 3 contains this further provision: "At the time of electing to become subject to the provisions of this Act, if engaged in more than one kind of business, he shall specify the business or businesses in which he is engaged and concerning which he desires to come under the provisions hereof."

This paragraph admittedly gives an employer who is carrying on two or more distinct kinds of business the right to choose in which he will come under the Workmen's Compensation Act and in which he will not. If for instance an employer is engaged in the manufacture of boots and shoes and also is carrying on the manufacture of cotton goods, two clearly distinct kinds of business, he can elect. which business he desires to place under the Act in case he does not desire both. Then follows Section 4, which reads: "The provisions of section two shall not apply to actions to recover damages for personal injuries or for death resulting from personal injuries sustained by employees engaged in domestic service or agriculture or in the work of cutting, hauling, rafting or driving logs."

It would seem from a study of the Act that this provision as to logging and driving must have been adopted by way of amendment after the preparation of the general bill and without a clear comprehension of the underlying principles and purposes of the act as an entirety. As originally enacted (R. S., Chap. 50, Sec. 4) it read: "The provisions of this act shall not apply to actions to recover damages for personal injuries . . . . sustained by employees engaged in domestic service or agriculture, or in the work of cutting, hauling, rafting or driving logs." In that form it was an apparent effort to take employees in logging and driving operations entirely out of the statute, the same as domestic servants, farm hands, casual and municipal employees were excepted by Subsection II of Section 1.

However, in the revision and reenactment of 1919, Chap. 238, Sec. 4 was changed so as to read, the "provisions of section 2" instead of the provisions of the entire Act as in the original statute, shall not apply to domestic servants, farm laborers, loggers and drivers, &c. This language goes no further than the exclusion of loggers and drivers from the effect of Section 2. It does not exclude those laborers from the benefit of the Act if their employers see fit to include them. In other words, the scope of the entire Act, whose purpose is the

benefit of employees, is restricted by Subsection II of Section 1, defining the term "employee" and creating certain exceptions. Loggers and drivers are not among the exceptions, therefore so far as that subsection is concerned they are left within the act. But Section 4 says that the provisions of Section 2, which takes away the three usual defenses, shall not apply to loggers and drivers, any more than it does to domestic servants and farm hands. The result is, although reached in a very cumbersome and awkward manner, that it is optional with employers of loggers and drivers to avail themselves of the Act or not as they see fit. If they do avail themselves of it, then their employees enjoy its benefits. If they do not avail themselves of it and suit is brought against them for personal injuries, the ordinary defenses of contributory negligence, negligence of a fellow servant, and assumption of risk are still open to the employer. The employer of loggers and drivers therefore is not forced into accepting the Act, and for this reason he may except this class if he desires to do so when he accepts the Act as to his general manufacturing business. It can make no difference whether the employer of loggers and drivers is carrying on that business alone or in connection with a general lumber or pulp and paper manufacturing business; he is not compelled to accept the Act as to the logging and driving.

Coming then to the concrete case before us, it was in conformity with both the letter and the spirit of the Workmen's Compensation Act under Public Laws, 1919, Chapter 238, that the petitioner's written assent in this case included "pulp and paper manufacturing" and excluded "cutting, hauling, rafting and driving logs." *Fournier's Case*, 120 Maine, 191; *Berry* v. *Donovan*, 120 Maine at 459; *Michaud's Case*, 121 Maine, 537. The assent and policy being in proper form it was the duty of the Commission to issue the required certificate, Public Laws, 1919, Chap. 238, Sec. 6, Par. III. Mandamus may compel the performance of this duty. *Furbush* v. *County Commissioners*, 93 Maine, 117.

The mandate is,

> *Petition granted.*
> *Peremptory writ of Mandamus*
> *to issue as prayed for.*