## BRUNO CORMIER'S CASE.

### Aroostook.    Opinion February 6, 1925.

*An employee hauling from the camp of the employer to its mill-yard timber cut into six-foot lengths is engaged "in the work of cutting, hauling, rafting or driving logs" within Section 4 of the Workmen's Compensation Act, each piece being properly termed a log. It is optional with manufacturers, who are also engaged in lumbering operations, to avail themselves of the Workmen's Compensation Act as to their employees engaged in cutting, hauling, rafting, or driving logs, when they accept the Act as to their general manufacturing business.*

In the instant case the employer's assent to the Act and the approved insurance policy filed therewith are restricted to the manufacturing operations, and do not include cutting or hauling logs.

On appeal. Claimant was injured while engaged in hauling logs six feet in length from the woods where they were cut to the mill-yard of employer about six miles distant. At the time of the accident he was going out with an empty sled for a load, and stopped his team to fix a chain on the bunk, the team started, and he fell and broke a rib. Compensation was awarded for temporary total disability and an appeal taken. The respondents in taking an appeal alleged that as to claimant the respondent was not an assenting employer within the terms of the Workmen's Compensation Act, in that the kind of

work claimant was doing at the time of the injury was not specified and included in the assent to the Act by the employer. Appeal sustained. Decree reversed. Compensation denied.

The case is stated in the opinion.

Claimant was without counsel.

*Andrews, Nelson & Gardiner*, for respondents.

SITTING: CORNISH, C. J., PHILBROOK, MORRILL, WILSON, STURGIS, BARNES, JJ.

MORRILL, J. The claimant was injured while employed by Allen Quimby Company in hauling logs to its mill-yard in Stockholm. Allen Quimby Company manufactures veneer; another corporation, Allen Quimby Clothespin Company, has a mill near by; these corporations jointly carry on woods operations for the supply of lumber to their mills, although it appears that the hauling from the camp about six miles distant is paid for by the corporation at whose mill the stock is unloaded. On the day in question Cormier was employed in hauling timber, cut into lengths six feet long, from the camp to the mill-yard of Allen Quimby Company; upon a return trip, when about half way to the camp, he accidentally received the injury for which he seeks compensation.

That Cormier was an employee engaged "in the work of cutting, hauling, rafting or driving logs" within Section 4 of The Workmen's Compensation Act does not admit of doubt. Although the long timber was cut into six-foot lengths before it was sawed into stock for boxes, each piece is properly termed a log. A log is defined as "especially, a cut of timber of any size or length suitable for sawing into lumber." Standard Dict.

The status of such employees with reference to the Act has been recently defined in *Oxford Paper Company* v. *Thayer*, 122 Maine, 201.

It is optional with employers of loggers and drivers to avail themselves of the Act or not as they see fit. They may except this class if they desire to do so when they accept the Act as to their general manufacturing business; they are not compelled to accept the Act as to the logging and driving.

The only question presented here is whether Allen Quimby Company availed itself of the Act as to its employees engaged in hauling

logs. This question must be answered in the negative. Its assent dated December 13, 1923, specifies:

"Kind of business included in assent Veneer Pkg. Mfg.—Veneer Mfg."

In the insurance policy, duly approved by the Insurance Commissioner and filed with the assent, the classification of assured's operations is thus stated, in harmony with the assent:

"2908. Veneer Pkg. Mfg. no barrel Mfg. (No veneer mfg.)

"2714. Veneer Mfg."

While the approved policy does not contain an express provision that it does not cover accidents to employees engaged in the work of cutting, hauling, rafting or driving logs, (*Fournier's Case*, 120 Maine, 191. *Oxford Paper Co.* v. *Thayer,* supra), it carries a more specific endorsement:

"This Policy does not cover woods operations. The line drawn between woods operations and the mill operations shall be that when a car or team is placed in the mill yard, or at a point where the loads are to be unloaded from the car or team this feature of the operations including the unloading of cars and teams, shall be applied as part of the mill or yard operations."

It follows that the employer did not assent to the Act as to its employees engaged in hauling logs. The award did not in terms find, but presupposes, such assent, and being without support in that particular, is erroneous in law.

> *Appeal sustained.*
> *Decree reversed.*
> *Compensation denied.*