342

JOSEPH A. LeCLAIR
*vs.*
JOHN G. WALLINGFORD
AND
EMPLOYERS' LIABILITY ASSURANCE CORP., LTD.

Somerset.    Opinion, February 13, 1957.

*Walter R. Harwood,* for claimant.

*Mitchell and Ballou,*
for Employers Liability Assurance Corp., Ltd.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ.; MURRAY, A. R. J.   CLARKE, J., did not sit.

TAPLEY, J.    On appeal from a *pro forma* decree of a Justice of the Superior Court confirming a decision by the Industrial Accident Commission that it had no jurisdiction over a petition for an award of compensation.

The appellant was an employee of John J. Wallingford who operated a sawmill in West Forks, Maine. Mr. Wallingford cut and supplied his own logs for the mill. The appellant, Mr. LeClair, had been employed by Mr. Wallingford a year and a half previous to his injury which occasioned these proceedings. During the course of his employment his work varied in that he labored in the mill, outside of the mill and in the woods. At the time of the injury he was driving a truck and had been so employed in this particular capacity for one or two months. He was injured on March 31, 1955. On this day he was operating a truck and engaged in the hauling of logs from the woods to the sawmill. He had no helper on the truck with him. He drove from the sawmill to the cutting area. His truck was loaded with the help of a crew working in the woods and after the loading was completed he drove to the sawmill for the purpose of delivering the load of logs. This was the second load he had delivered that day. He drove into the yard of the mill and found the slip where the logs were to be unloaded full of logs so a discharge of his load at that point was not possible. He was instructed by a superior to unload the logs at a designated place other than the slip and was furnished an employee to assist in the unloading. The appellant drove to the spot as directed for the purpose of unloading the logs, stopped his truck, alighted therefrom and proceeded, with the assistance of the other employee, to unload the logs. In the unloading process he was struck by a swinging log from the truck and sustained the injuries of which he complained. The decree of the Industrial Accident Commission denied compensation to the appellant on the ground that the Industrial Accident Commission had no jurisdiction and, there-

fore, the petition for award of compensation must be dismissed.

> "*******we must conclude and find that at the time of this unfortunate accident, the petitioner was engaged in the occupation of logging and lumbering, which was specifically excluded from the Assent and insurance Policy on file with the Commission. Under these circumstances, the Industrial Accident Commission has no jurisdiction over the matter and this Petition must be dismissed."

Appellant takes issue with the finding on the part of the Commission that "the petitioner was engaged in the occupation of logging and lumbering, which was specifically excluded from the Assent and insurance Policy on file with the Commission."

The insurance policy in force at the time of the accident provided coverage in accordance with the Workmen's Compensation Law of the State of Maine. It carries an endorsement entitled "Logging and Lumbering Endorsement (Maine), which in part reads: "It is agreed that such insurance as is afforded by the policy by reason of the designation of Maine in Item 3 of the declarations does not apply with respect to logging and lumbering operations."

John G. Wallingford, the employer, filed with the Industrial Accident Commission an Assent in conformity with the provisions of Chap. 31 of R. S. 1954, known as "The Workmen's Compensation Act" with the following exclusion: *"Excluding* employees engaged in the work of cutting, hauling, rafting, or driving logs." The Assent states that Mr. Wallingford is engaged in the sawmill business. Mr. Wallingford desired to become an assenting employer under the provisions of the Workmen's Compensation Act. (Chap. 31, R. S. 1954) and, in pursuance of this desire, filed his Assent as provided by Sec. 6 of the Act along with a copy of the Industrial Accident Insurance policy. Sec. 4 of the

act provides in part: "Any such logging operations, however, incidental to any business conducted by an assenting employer shall be presumed to be covered by his assent to the act as to such business unless expressly excluded in such assent."

Sec. 3 of the Act provides, in essence, that if an employer is qualified to become subject to the Act and fails to do so, he shall lose his common law defenses in certain actions by his employees against him, in that he shall not be permitted to defend (1) that the employee was negligent; (2) that the injury was caused by the negligence of a fellow employee; (3) that the employee had assumed the risk of the injury.

Sec. 4 affects and relates to provisions of Sec. 3 in that provisions of Sec. 3 shall not apply to employers (1) who employ five or less workmen or operatives in the same business; (2) to actions to recover damages for injuries or from death resulting from injuries sustained by employees engaged in domestic service or in agriculture; or *in the operation of cutting, hauling, rafting or driving logs, including work incidental thereto.*

Any employee engaged in the operation of cutting, hauling, rafting or driving logs, including work incidental thereto, may at the option of his employer be subject to the provisions of the Act. Such employee, as a matter of right, does not come within the provisions of the Act. *Oxford Paper Co.* v. *Thayer*, 122 Me. 201, at page 205:

> "But Section 4 says that the provisions of Section 2, which takes away the three usual defenses, shall not apply to loggers and drivers, any more than it does to domestic servants and farm hands. The result is, although reached in a very cumbersome and awkward manner, that it is optional with employers of loggers and drivers to avail themselves of the Act or not as they see fit. If they do avail themselves of it, then their employees enjoy its benefits. If they do not avail themselves of it and suit

is brought against them for personal injuries, the ordinary defenses of contributory negligence, negligence of a fellow servant, and assumption of risk are still open to the employer. The employer of loggers and drivers therefore is not forced into accepting the Act, and for this reason he may except this class if he desires to do so when he accepts the Act as to his general manufacturing business. It can make no difference whether the employer of loggers and drivers is carrying on that business alone or in connection with a general lumber or pulp and paper manufacturing business; he is not compelled to accept the Act as to the logging and driving."

See *Cormier's Case,* 124 Me. 237.

The employer, according to the testimony, conducts a sawmill business. He also operates woodlots which furnish the logs used in the mill. The logs are transported from the lots to the mill by truck. There are concerned in the employer's business activities various procedures such as cutting, loading, transporting, sawing and such other work as is customarily performed in a mill yard. Other than the men employed in the sawmill, "there are truck drivers, crane operators, bulldozer operators, cooks, teamsters, and all." This is the type of business enterprise to which the provisions of the Workmen's Compensation Act are to be applied.

We have pointed out that in Sec. 4 of the Act the Legislature has seen fit to exempt from the provisions of the Act such employees as are employed in the operations of cutting, hauling, rafting or driving logs, including work incidental thereto, unless the employer desires to include them under the Act. *Gagnon's Case,* 125 Me. 16; *Oxford Paper Co.* v. *Thayer, supra; Cormier's Case, supra.*

Examining the Assent and the endorsement on the policy of insurance in the light of the factual aspect of this case, we find an intention on the part of the employer to assent as

to his sawmill business but to exclude anything pertaining thereto which concerned those employees who were engaged in the work of cutting, hauling, rafting or driving logs. He, by this exclusion, most carefully and explicitly said he did not desire that this class of employee should come under the jurisdiction of the Workmen's Compensation Act. According to the testimony, the employer operated the woodlot and trucked the logs to the sawmill where they were used in the customary work of the sawmill, so it might properly be argued that under these circumstances the operations of cutting and hauling of the logs were incidental to the employer's sawmill business. In Sec. 4 of the Act is the following provision: "Any such logging operations, however, incidental to any business conducted by an assenting employer shall be presumed to be covered by his assent to the act as to such business unless expressly excluded in such assent." It has been demonstrated that employees doing the work of cutting, hauling - - - including work incidental thereto, are exempt from provisions of the Act unless the employer desires they be included. *Oxford Paper Co.* v. *Thayer, supra.* The statute in this instance puts a burden upon the employer by providing that if the hauling of logs is incidental to his sawmill business he must exclude such operation in his Assent, otherwise it will be presumed to be covered by his Assent. The employer apparently did not want any of his employees to be covered who were engaged in the work of cutting or hauling of logs so in order to make clear his intentions and avoid any statutory presumption that his Assent included these employees, he followed explicitly the statute by including the exclusion in his Assent. *Mary A. White's Case,* 124 Me. 343, at page 344:

> "An employer, circumstanced as was the defendant, may become an assenting employer as to the mill without assenting as to the logging operation. **** Or he may become an assenting employer as to both operations. It is only necessary for him to

make his meaning clear in simple English language."

The appellant at the time of the sustaining of injury, according to the record, was engaged in the hauling of logs, which operation was excluded from the employer's Assent and, therefore, the case is not within the jurisdiction of the Industrial Accident Commission. An examination of the record determines there was competent evidence of probative force to support the findings of fact and that no error of law was committed on the part of the Commission. *Robitaille's Case,* 140 Me. 121.

*Appeal dismissed.*
*Decree affirmed.*
*Allowance of $250 ordered*
*to petitioner for expenses*
*of appeal.*