## JOHN MORIN'S CASE.

### Aroostook. Opinion March 15, 1923.

*A defendant who under the Workmen's Compensation Act, disregarding the statute,*
*goes to trial without filing an answer, and after an adverse decision, appeals,*
*cannot then for the first time interpose the limitations of the statute. A*
*petition, manifestly insufficient, upon which a hearing has been held*
*and certain facts found by the chairman, where a new petition,*
*based upon such findings of fact, would not be barred, that*
*hardship may be avoided and litigation terminated,*
*may be regarded as amended after the analogy*
*of procedure in actions of law.*

The petition in this case is manifestly insufficient on its face to support any award of compensation, for the following reasons:

(a) It is not a petition for review under Section 36, because it contains no reference to any "agreement, award, findings or decree" of which a review is asked upon the grounds stated in said Section.

(b) It does not set out a case for the award of compensation under Sections 15 and 16, for "partial incapacity for work resulting from the injury specified" continuing after total incapacity for a specified period.

(c) It does not set forth, either an agreement which has not received the approval of the commissioner, or a failure to reach an agreement in regard to compensation.

(d) It does not set forth "the matter in dispute and the claim of the petitioner in reference thereto."

The case proceeded to a full hearing before the Chairman who found the necessary facts to support an award of compensation under Sections 15 and 16, for "partial incapacity for work resulting from the injury specified," continuing after total incapacity for a specified period.

The limitations of the statute afford no defense. When a defendant disregards the statute requiring him to file an answer, files no answer, goes to trial, and after adverse decision carries his case to the Law Court on appeal, he cannot for the first time then interpose the limitations of the statute.

A new petition based upon the facts found by the Chairman will not be barred either by (1) the agreement under which compensation has been paid for presumed total disability for the period specified in Section 16; or (2) by Section 39 of the act; the filing of "an agreement or a petition, as provided by section thirty," takes the case out of the operation of the statute, and stops the running of the two-year period.

When an agreement for compensation for a compensable injury resulting in presumed total disability for a specified period, has been seasonably filed and

approved, the case is before the commission and there is no time limit for
filing a petition for compensation for total or partial incapacity for work
resulting from the injury specified, continuing after the period specified.

Section 36 is not applicable to approved agreements or decrees fixing compensa-
tion for periods of total disability or incapacity, the duration of which is abso-
lutely fixed by statute.

A new petition framed according to the facts found by the Chairman, not being
barred, to avoid the hardship in compelling the claimant to again present his
case, which would result from a dismissal or recommittal of the present case
and in the interest of a speedy termination of litigation, the court may regard
the petition as amended, after the analogy of procedure in actions at law, and
affirm the decree below.

*Lemelin's Case*, 121 Maine, 72, distinguished.

*Graney's Case*, 121 Maine, 500, distinguished.

On appeal. This is a petition under the Workmen's Compensation
Act seeking compensation for partial incapacity, continuing after the
expiration of the specified period for which compensation was awarded
and paid for a total disability under an agreement. The claimant, a
common laborer, while in the employ of Aroostook Pulp & Paper
Company at Van Buren, received an injury to his left eye on October
22, 1918, by being hit by a stick or piece of wood, and the eye was
subsequently removed. Under an agreement between employer
and employee, duly approved by the commissioner of labor, a com-
pensation of $10 a week for one hundred weeks, was awarded for
total disability and paid. On July 26, 1921, a claimant filed the
petition in these proceedings, no answer being filed by the respondents,
on which petition a hearing was had and compensation for partial
incapacity awarded, and respondents appealed from a decree of
sitting Justice confirming the findings of the Chairman of the Com-
mission. Appeal dismissed. Decree of sitting Justice affirmed.

The case is fully stated in the opinion.

Claimant was without counsel.

*George E. Thompson*, for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL,
WILSON, DEASY, JJ.

MORRILL, J. This case is under the Workmen's Compensation
Act; the injury was received prior to the revision of that Act by the
Legislature of 1919.

The petition is manifestly insufficient on its face to support any award of compensation, for the following reasons:

(a)  The appeal filed by the employer and insurance carrier, upon which the case is before us, refers to the petition as a "petition for review."  But an examination will show that it is not a petition for review under Section 36, because it contains no reference whatever to any "agreement, award, findings or decree," of which review is asked "upon the ground that the incapacity of the injured employee has subsequently ended, increased or diminished."

(b)  Nor does the petition set out a case for the award of compensation, under Sections 15 and 16, for "partial incapacity for work resulting from the injury specified" continuing after total incapacity for a specified period, for which compensation has been fixed for such period either by agreement or award of the chairman, because it contains no reference to such antecedent agreement or award.

(c)  Nor, does the petition set forth, either an agreement which has not received the approval of the commissioner (see *Gauthier's Case*, 120 Maine, 73, 75), or a failure to reach an agreement in regard to compensation, one of which is a prerequisite to filing an original petition under Section 30; nor does it set forth "the matter in dispute and the claim of the petitioner in reference thereto."  See *Maxwell's Case*, 119 Maine, 507.

The petition therefore lacks the essential allegations of fact upon which an award may be based, and the most liberal construction with a view to carrying out the general purposes of the law cannot supply them.  It is a bare request for compensation for personal injury by accident arising out of and in the course of the petitioner's employment, received, as shown on the face of the petition, more than two years before the date of filing.  Upon motion or answer seasonably filed, petition should have been dismissed or opportunity to amend it given; an amendment adequately stating the claimant's case, if offered, was allowable, in accordance with the purpose of the act to reach speedy adjustments of such claims.  The proper procedure under such circumstances was pointed out in *Maxwell's Case*, supra, announced before this petition was filed.

The case, however, proceeded to a full hearing before the Chairman, who found that the claimant on October 23, 1918 suffered a compensable injury resulting in the loss of his left eye; that an agreement was entered into between the parties for the payment of compensation

for a period of one hundred weeks during which period the disability is deemed to be total (Section 16); that compensation was paid according to the terms of the agreement; that the claimant is suffering from a partial incapacity for work resulting from the injury specified, continuing after the specified period; that he is entitled to compensation for such partial incapacity, and made an award accordingly, upon which a decree was entered; from this decree the appeal before us was taken, stating that, "the petition for review, on which the decree was made, from which this appeal is taken, being dated the twenty-fifth day of July, 1921, and being more than two years after the agreement for compensation was entered into, the findings of fact do not substantiate the decree as a matter of law." We have already seen that the petition is in no sense a petition for review, and evidently counsel came so to consider it, because in his brief he thus states his contention: "This is an original petition for compensation and hence is barred by the two year limitation period."

Is this contention now open to the employer and insurance carrier?

We think not. The defect was apparent upon the face of the petition. The respondents did not file an answer, and the record does not show that this contention was in any manner called to the Chairman's attention during the proceedings; it first appears on appeal. This laxity of practice in failing to file answers has become so common, at least three cases in which it occurs being before the Law Court, that it calls, we think, for the attention of the court.

The Workmen's Compenation Act unmistakably aims at a prompt adjustment of claims by a procedure as simple and direct as possible.

The first step (Section 30) is by agreement, if possible; if such agreement is made and not approved, or if the parties fail to reach an agreement, either employer or employee may file a petition, giving in detail certain required facts, stating the matter in dispute and the claims of the petitioner with reference thereto on which notice shall be given within four days after filing (Section 31).

Within ten days after the filing of such petition, answers are to be filed and copies thereof furnished to the petitioner, which answer should state the claims of the opponents with reference to the matter in dispute as disclosed by the petition. If any party opposing such petition does not file an answer within the time limited, the hearing shall proceed upon the petition (Section 32).

"The whole matter shall then be referred to the chairman of said commission" (Section 33). "If from the petition and answer there appear to be facts in dispute, the chairman of the commission shall then hear such witnesses as may be presented by each party, . . . From the evidence thus furnished the chairman shall, in a summary manner, decide the merits of the controversy."

Such was the simple procedure, clearly prescribed by the statute in force when the injury was received by the claimant; the same procedure now obtains except as modified by the creation of the office of Associate Legal Member.

If no answer is filed, no facts will appear to be actually in dispute, although the petitioner may apprehend, and so state in his petition, that a dispute exists; and the chairman in proceeding upon the petition may treat the allegations of fact, which are well pleaded in the petition, as admitted, and may make such award as the facts so stated in the petition will support, after the analogy of the procedure upon bills in equity taken pro confesso for want of appearance or answer.

If the opponents of the petition wish to interpose the bar of a statute limitation, they should so do by answer before hearing, that the issue may be apparent, or lose the benefit of such defense, as in procedure in actions at law, requiring that the statute of limitations shall be specially pleaded.

The respondents having failed to file an answer cannot avail themselves of a statute limitation first interposed as a defense upon appeal before the Law Court.

What disposition under the circumstances should be made of this case? Will the court reverse the decree, suo motu, and dismiss the petition, on account of its manifest insufficiency, or recommit it, for amendment, to the Industrial Accident Commission? If a new petition, framed according to the facts found by the Chairman, will not be barred, a dismissal or recommittal of the present case would work a hardship in compelling the claimant to again present his case. The case has been fully heard with the respondents represented, and the Chairman has found the facts and awarded compensation accordingly. We see no reason why we may not regard the petition as amended so as to present a claim under Section 16 for compensation for partial incapacity for work continuing after the period of presumed total disability for which he received compensation under the agree-

ment.    The Chairman has awarded such compensation after a find-
ing of facts supporting it.    Why should not the petition be regarded
as amended in the interest of a speedy termination of litigation?
Such amendments are frequently considered as made in actions at
law.    *Wyman* v. *American Shoe Finding Company*, 106 Maine, 263.
*Clapp* v. *C. C. P. & Lt. Company*, 121 Maine, 356.    *Burner* v. *Jordan
Family Laundry*, 122 Maine, 47, 52.    We see no reason why the same
principle may not be applied here.    *Gauthier's Case*, 120 Maine, 73,
76.    The reasons which prompted the court to recommit *Maxwell's
Case*, 119 Maine, 504 do not exist here.

Will a new petition in the form above suggested be barred?    Cer-
tainly not by the agreement under which compensation has been
paid for presumed total disability for the period specified in Section
16.    Such agreement, approved by the commissioner, although
having the force of a judgment, is binding only to the extent of the
facts agreed upon, (*Maxwell's Case*, supra,) which in this case were,
that the claimant had received a compensable injury resulting in a
presumed total disability, and the amount of compensation; the law
establishes the basis upon which compensation shall be computed
and the duration of the period of presumed total disability is fixed
by law.    Manifestly the parties could not understandingly agree
upon compensation for partial incapacity continuing after the
specified period, and did not attempt to do so.

Nor will such petition be barred by Section 39 of the Act, which
reads:    "An employee's claim for compensation under this act shall
be barred unless an agreement or a petition, as provided in section
thirty shall be filed within two years after the occurrence of the
injury;" the remainder of the section is not material here.

The filing of "an agreement or a petition, as provided in section
thirty" takes the case out of the operation of the statute, and stops
the running of the two-year period.    In *Gauthier's Case*, 120 Maine,
73 we held that when an agreement has been seasonably filed, although
not approved, an original petition is the appropriate remedy and
that no time is fixed for its filing.    Why should we not, by the same
course of reasoning hold that when, as in this case, an agreement for
compensation for a compensable injury resulting in presumed total
disability for a specified period, has been seasonably filed and
approved, the case is before the commission, and that there is no
time limit for filing a petition for compensation for total or partial

incapacity for work resulting from the injury specified, continuing after the period specified? We think that such must be the construction of the statute; the legislature apparently considered that a time limit is unnecessary in view of the interest of the claimant to promptly make application for compensation after the specified period of total disability had expired.

Section 36, relating to petitions for review, is not applicable. Whatever may be the full scope of that section, it cannot be applicable to approved agreements or decrees fixing compensation for periods of total disability or incapacity, the duration of which is absolutely fixed by statute, as by Sections 14 and 16 of the act, unless, perhaps, in cases of fraud affecting the entire award or agreement.

Therefore, a new petition, based upon the facts already found by the Chairman will not be barred.

The opinion in *Lemelin's Case*, 121 Maine, 72, is not opposed to the views here expressed. In that case, as here, an agreement was entered into, and approved by the commissioner, for the payment of compensation for a compensable injury, resulting in the loss of claimant's right hand at the wrist, for a period of presumed total disability of one hundred and twenty-five weeks. After the expiration of said period and more than two years after the occurrence of the injury the claimant filed a petition for award of compensation, to which the employer and insurance carrier filed an answer setting up the limitation of the Act and the executed agreement, as a bar. The Chairman found *total* incapacity since the expiration of the specified period resulting from the injury specified, and awarded compensation at the same rate as paid under the agreement; commencing at the end of the specified period, "to continue so long as the said Frank Lemelin is totally incapacitated for labor because of said injury, provided that the compensation paid as herein ordered shall in no event exceed the sum of three thousand dollars nor the period for which compensation is paid exceed five hundred weeks from the date of the injury," thus treating the petition as a petition for compensation for an injury resulting in total incapacity for work, to be awarded under Section 14. This was clearly erroneous; there was then no provision of law for an award of compensation for *total* incapacity, resulting from a specified injury, continuing after the specified period of presumed total disability, during which the claimant has received compensation under an agreement approved by the commissioner. The Legisla-

ture has since supplied such provision.    Public Laws 1921, Chap. 222, Sec. 7.    There was such provision for compensation for *partial* incapacity in Section 16 of the original Act, which we are considering in the instant case.    The petition in Lemelin's Case, being a petition for compensation for *total* incapacity, and being filed more than two years after the date of the injury was properly dismissed.    The question of recommitment for purpose of amendment was not con- · sidered.    It may be, but upon that point we express no opinion without the record before us, that Lemelin may still maintain a petition for compensation for *partial* incapacity, continuing after the specified period, under Section 16; by his accident he was left in a most unfortunate condition.

So, if any language is used in the opinion, in *Graney's Case*, 121 Maine, 500, apparently in conflict with the views here expressed, although not intentionally so, it should be disregarded.    That case did not arise under Section 16; the opinion expressly so states on Page 503.    "The case in hand is outside the schedule of section sixteen.    Mr. Graney's injury was not of the kinds that that section names."

We are therefore of the opinion that the petition in this case may be considered as amended, and that the mandate should be,

> *Appeal dismissed.*
> *Decree of sitting Justice*
> *affirmed.*