## MARY A. WHITE'S CASE.

### Aroostook.    Opinion May 5, 1925.

*Under the Workmen's Compensation Act, an employer, conducting a saw mill and also (to supply logs for his mill) a lumbering operation, may become an assenting employer as to the mill without assenting as to the logging operation. Or he may become an assenting employer as to both operations. It is only necessary to make his meaning clear in simple English language.*

In the instant case the defendant's assent was thus expressed: "Location of business (in Maine) Mill located in E. Plantation Robinson and elsewhere in Maine— Kind of business included in the assent, long lumber." This language does not necessarily exclude the logging operation.

The insurance policy filed by the employer under the heading "Classification o Operations" contains the words "Portable Saw Mill." The business is not otherwise described in the policy. But section six of the policy says that the business described "shall include all operations necessary incident or appurtenant thereto, or connected therewith whether such operations are conducted at the places defined and described in in said declarations, or elsewhere in connection with, or in relation to such work places." The phrase "Portable Saw Mill" thus qualified may include a logging operation carried on to supply logs to the mill.

On appeal. Claimant is a dependent widow of Everett D. White, who, while in the employ of W. E. Robinson & Son in a lumbering and mill operation, received an injury resulting in his death. Decedent, at the time of the injury, was working with other men cutting lumber to be hauled a distance of four miles to a portable saw mill operated by his employer. The question involved was as to whether, the written assent filed by the employer embraced the cutting of the logs as well as the operation of the portable saw mill. Compensation was awarded and respondents appealed from an affirming decree. Appeal dismissed. Decree affirmed.

The opinion states the case.

*J. Frederic Burns,* for petitioner.

*Robert Payson,* for respondents.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, DEASY, BARNES, JJ.

DEASY, J. Under the Workmen's Compensation Law an employer engaged in more than one kind of business, may become an assenting employer as to all or any. In assenting he must specify the business or businesses "concerning which he desires to come under the provisions" of the law. Public Acts of 1919, Chap. 238, Sec. 3.

In the instant case the employer carried on a saw mill business and to provide logs for the mill conducted, about four miles from the mill, a woods operation. While employed as a chopper in the woods, the petitioner's husband accidentally sustained a fatal injury.

An employer, circumstanced as was the defendant, may become an assenting employer as to the mill without assenting as to the logging operation. *Paper Co.* v. *Thayer*, 122 Maine, 201. Or he may become an assenting employer as to both operations. It is only necessary for him to make his meaning clear in simple English language.

In the defendant's assent his business is described thus: "Location of business (in Maine) Mill located in E. Plantation, Robinson and elsewhere in Maine. Kind of business included in assent, Long lumber."

The defendants contend that by the language above quoted they in effect specified the sawing of lumber at the mill as the "business concerning which they desired to come under the (Laws) provisions" and impliedly excluded the cutting and hauling of logs.

They argue that the use of the word "mill" fixes the location of the business included in their assent. This depends upon whether the phrase "and elsewhere in Maine" refers to and qualifies the word "mill" or the words "location of business." The language used may mean "a mill located in E. Plantation or (located) elsewhere." But it is equally susceptible of the meaning—"a business carried on at the mill and elsewhere."

Technical language is not required. 28 R. C. L., 735. But the meaning should be made reasonably clear. The language is that of the employers and being ambiguous must be taken most strongly against them. 6 R. C. L., 854.

But the employers urge further that in stating the kind of business to be "long lumber" they impliedly specified the manufacturing of long lumber at a mill as the business covered by their assent.

The word lumber has two well recognized meanings. Its more precise and restricted meaning is as the defendants claim, manufactured lumber. But it is also used as meaning logs. In common parlance, cutting and hauling logs in the woods is called "lumbering."

In the defendant's petition for decree in this case the phrase "lumbering operation" is used three times in describing the business in connection with which the petitioner's husband was employed. In the language of legislation the term lumber includes logs: "Logs or other lumber" R. S., Chap. 78, Sec. 1 and Chap. 129, Sec. 14.

"The statutes of the state recognize different kinds of lumber—There are logs, masts, spars and other lumber."

Appleton, C. J., in *Haynes* v. *Hayward*, 40 Maine, 147.

"The word lumber in its broadest sense includes both the manufactured and unmanufactured product."

Cornish, J., in *Mitchell* v. *Page*, 107 Maine, 390.

In view of these authorities we cannot say that necessarily and as a matter of law the word "lumber" even when qualified by the word "long" signifies a mill operation only, and excludes the cutting and hauling of logs.

As reinforcing his argument the petitioner's counsel calls attention to a clause in the defendant's approved insurance policy reading thus: "The employer is conducting no other business operations at this or any other location not herein disclosed—except as herein stated." No exception is set forth.

It is urged that whatever they may now say, the defendants in filing this policy with their assent must have then regarded the woods work as a part of their mill business. But the defendant's counsel says that within the purview of the statute a lumbering operation is not a business. His clients seem to think otherwise. In answer to a question O. B. Robinson, one of the defendants, says: "The logging business ends at the landing." Mr. Robinson used the word business correctly. It fairly includes a lumbering operation.

Counsel for the defendant also relies upon the policy as sustaining his contention. Under the heading "Classification of Operations" are the words "Portable Saw Mill." The business is not otherwise described in the policy. It is argued that the operation of a portable saw mill cannot be held to include logging. True perhaps if unquali-

fied.   But as explained and qualified by paragraph six of the policy the term may well be held to include a logging operation conducted for the purpose of supplying logs for the mill.

Paragraph six:—"This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places."

If logging was not a part of the mill business it was incident to and connected with it.   *Durand's Case*, 124 Maine, 59.

Our attention has been called to two cases decided by this court wherein a mill owner's assent was held not to cover the cutting and hauling of logs.

*Fournier's Case*, 120 Maine, 191.

In this case the location of the business was stated to be "Milford and Oldtown Maine."   Held not to cover a logging operation at a distant place in another County.

*Cormier's Case*, 124 Maine, 237.

The kind of business was stated to be "Veneer Mfg."   The policy filed with the assent reads—"This policy does not cover woods operations."

The wide distinction betweeen these cases and that now under consideration is obvious.

*Appeal    dismissed.*
*Decree affirmed.*