# The Garbouska Case.

## Oxford.. Opinion August 31, 1925.

*Under the Workmen's Compensation Act, where the injured employee is mentally competent, and not physically incapacitated, or where death results from the injury and there are no dependents entitled to compensation who are mentally incapacitated, or minors, a claim for compensation shall be barred unless an agreement or a petition shall be filed within two years after the occurrence of the injury, or in case of the death of the employee within two years after his death.*

On appeal. A petition for compensation filed by Kazmiryna Michalouna Garbouska as dependent widow of Joseph Garbouska, who, on December 7, 1919, while in the employ of the Oxford Paper Company came in contact with an electric current which resulted in death on the following day. The petition in these proceedings was not filed until August 20, 1924. Upon a hearing the Chairman of the Commission deny compensation and held that inasmuch as no agreement as to compensation was ever made and no petition for compensation was filed within the two-year period limitation provided by Section 39 of the Workmen's Compensation Act, the claim for compensation was barred, and from an affirming decree an appeal was entered. Appeal dismissed. Decree below affirmed.

The case appears in the opinion.

*Peter M. McDonald,* for petitioner.

*Verrill, Hale, Booth & Ives,* for respondents.

Sitting: Wilson, C. J., Philbrook, Dunn, Morrill, Deasy, Barnes, JJ.

Dunn, J. Appeal from ·the denial of compensation under the Workmen's Act.

The facts are uncontroverted. An answer denies the allegations of the petition and interposes bars. One is, that if this petitioner ever had right to compensation, enforcement of the right is prohibited, because neither the mutual and approved agreement of the

parties nor petition therefor was seasonably filed. This only was the defense used before the Industrial Accident Commission. Being advanced as the sole conflicting point it is so accepted here. Thereby much is taken as granted, but there is ample reason.

On one day in the December of 1919, while he was at work for the Oxford Paper Company in its Rumford mill, mortal injury emerged from his employment to Joseph Garbouska. He accidentally came in contact with an electric current of high tension. Mr. Garbouska died on the following day. No steps of any kind were taken to recover compensation for nearly five years. Then the existing petition was filed by Kazmiryna Michalouna Garbouska. She has been always within Russia. Nothing more than mere claim is put forward that the petitioner was the dependent wife of the now dead employee.

The Compensation Act, as applicable to the situation, is Chapter 50, Revised Statutes, amended by 1919 Laws, Chapter 238.

Under the act and subject to official approval and record, an employer and injured employee may agree upon the compensation. If there be no approved agreement redress is by petition. Section 30. The term "employee," if the employee himself is dead, is inclusive of a compensable dependent. Section 1. But that definition is not without exception; see Section 23 relating to proceedings by guardians, next friends, and disinterested persons. The agreement or petition must be filed, within two years from the time of injury, or recovery from physical or mental incapacity, or the date of the death of the employee. Section 39. The qualification of the aforementioned Section 23, for mentally incompetent and infant dependents, does not affect this case at all.

The position of counsel for the petitioner is, that the political rent of Russia made it quite impossible for his client to communicate with our country, sooner than was done. And therefore that she has a sort of floating claim, falling within the distinctive idea of physical incapacity as set out in Section 39, and avoiding the effect and operation of the date-death period, which claim will be as good evidence after the running of that period as it would have been before, inasmuch as the petition was filed within two years of the removal of the "physical disability."

The valor of the counsel outruns his discretion. It is not open for the Commission to award compensation in magnanimous indiffer-

ence to restrictive law. The whole power over the subject of compensation is derived from and limited by the act. The physical incapacity spoken of in the statute is personal to the employee; incapacity in the sense of bodily disability. The words of the statute book are plain, positive, and inexorable.

Each limitation period for the beginning of proceedings is jurisdictional. It pertains to the remedy. The filing of an agreement or petition is action essential to the allowing of compensation. It is mandatory that the one or the other should be placed on record sufficiently early. This petition, not having been filed within the fixed limit, is forever shut out.

In the following cases, culled from the helpful brief of counsel for the insurer, though cited somewhat differently, the principle is applied to facts in effect the match of those in the cause in hand. *Gorski's Case*, 227 Mass., 456; *McLean's Case*, 223 Mass., 342; *Twonko* v. *Rome Brass & Copper Company*, 224 N. Y., 263; *Peterson* v. *Fisher Body Company*, (Mich.), 167 N. W., 987; *Brown* v. *Weston-Mott Company*, (Mich.), 168 N. W., 437; *Bushnell* v. *Industrial Board*, 276 (Ill. 262), 114 N. E., 496; *Petraska* v. *National Acme Company*, 95 Vt., 76, 113 Atl., 536; *Good* v. *City of Omaha*, (Neb.), 168 N. W., 639.

*Appeal dismissed.*
*Decree below affirmed.*