## MELCHER'S CASE.

### . Cumberland.    Opinion September 28, 1926.

*Section 28 of the Workmen's Compensation Act construed to mean that where by agreement approved by the Commission a lump sum is paid in settlement of a claim for compensation, the employer shall not be called upon for further or other payments, even for medical or surgical expenses.*

Appeal from dismissal of petition for compensation after a lump sum settlement had been regularly effected under the Workmen's Compensation Act. Appeal dismissed.

The case is fully stated in the opinion.

*W. A. Connellan,* for complainant.

*Hinckley, Hinckley & Shesong,* for respondent.

SITTING: WILSON, C. J., PHILBROOK, DEASY, BARNES, BASSETT, JJ.

BARNES, J. This case involves the interpretation of the statute known as the Maine Workmen's Compensation Act, upon the following state of facts, taken from the record.

Petitioner was injured in the course of her employment by Wyman's Cafe, claimed compensation and was awarded a weekly stipend.

After compensation had been paid for more than six months, but before petitioner had paid the physician who ministered to her during convalescence, she filed a request for commutation of future payments to a lump sum. Notice was given, hearing had and the lump sum was ascertained and paid.

Within sixty days of receipt of the lump sum settlement, petitioner filed a petition for determination of a sum to be paid by her employer to defray the expense of medical and surgical aid incurred immediately after the accident.

Her employer, through its insurance carrier, disputed her right to further consideration as an injured employee, on the ground that a lump sum settlement is a full and final adjustment, and that payment thereof discharges the employer from any liability to the employee after date of such payment.

At an informal hearing, petitioner and respondents each being represented by counsel, it was agreed that without presentation of evidence decision should be rendered upon the petition and answer, and the commission thereupon found petitioner not entitled to any further award; and upon her appeal to the Supreme Court the Justice upheld the decision of the commission and dismissed the petition. The contention of the parties is purely legal and its solution is found by construing Section 28 of our compensation act, it being Chapter 238 of the Public Laws of 1919, and reading as follows:

"In case payments have continued for not less than six months either party may, upon due notice to the other party petition the commission for an order commuting the future payments to a lump sum. Such petition shall be considered by the commission and may be summarily granted where it is shown to the satisfaction of the commission that the payment of a lump sum in lieu of future weekly payments will be for the best interest of the person or persons receiving or dependent upon such compensation, or that the continuance or (of) weekly payments will, as compared with lump sum payments,

entail undue expense or undue hardship upon the employer liable therefor, or that the person entitled to compensation has removed or is about to remove from the United States.    Where the commutation is ordered, the commission shall fix the lump sum to be paid at an amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest calculated at five per centum per annum with annual rests.    Upon payment of such amount the employer shall .be discharged from all further liability on account of the injury or death, and be entitled to a duly executed release, upon filing which, or other due proof of payment the liability of such employer under any agreement, award, findings, or decree shall be discharged of record, and the employee accepting the lump sum settlement as aforesaid shall receive no future compensation under the provisions of this act."

Construction is further limited to the phrase, "discharged from all further liability on account of the injury," and the word "compensation," in said sentence.

Respondents contend that by payment of the lump sum, to which all future payments were commuted strictly in compliance with the law, their liability to petitioner was ended; while petitioner argues that medical aid and assistance is not "compensation," as the word is used in the section of statute above quoted, and that the expense incurred for such aid and assistance is still recoverable upon petition.

The wording of the phrase under inspection is entirely unambiguous, and.its meaning must be held to be that after paying the amount of the settlement ordered by the commission the employer shall not be called upon for further or other payments.

In interpreting a statute essentially similar to ours, in a case where, after a lump sum settlement an employee sought further compensation for loss of vision discovered subsequent to date of the settlement, the Supreme Court of Massachusetts say: "Weekly payments must have continued for six months and the agreement of settlement must be found to be for the best interest of the employee or his dependents.    When these findings are once made the payment is in full settlement for all compensation, general and specific, under the act.    Both parties are bound by it."

*Patrick McCarthy's Case*, 226 Mass., 444.

And in a somewhat similar case in Pennsylvania the court said:

"There is nothing in the act to indicate that the relations between the employer and employe are not definitely settled upon payment of the commuted award. Any contingencies involved before then disappear."

*Jones* v. *Laughlin Steel Co.*, 79 Pa., Sup. Ct., 303.

As to the contention of petitioner, we cannot agree that the services of a physician or surgeon and medical and surgical aids are not "compensation" as intended by the Legislature.

And our conclusion is reached by study of other sections of the Workmen's Compensation Act, upon the familiar principle that in expounding one part of a statute resort should be had to every other part.

Section 10 of the act provides that the employer shall promptly furnish reasonable medical, surgical and hospital services, nursing and medicines and mechanical surgical aids when they are needed, during the first thirty days after an accident, and for a longer period, in the discretion of the commission.

Are such services and aids "compensation"? Was it the intention of the Legislature to differentiate between the weekly payments that are to be made an injured employee for a stated period and the aid furnished the employee through physicians, nurses and material appliances to relieve pain and restore his body as nearly as may be to the normal condition?

Is the latter not "compensation?"

The only portion of the act that appears to classify them seems clearly to class them as one, for in Section 9 the expression, "No compensation except medical, surgical and hospital services, nursing and medicines and mechanical surgical aids, etc.," can be construed to convey no other meaning than that medical, surgical and hospital services, etc., are a part of the "compensation" provided by the act. The section as written has the same meaning as if it were expressed, "No compensation other than the compensation of medical, surgical and hospital services,"—and so on to the end.

We hold that the services, restoratives and aids required by statute to be supplied are "compensation," within the meaning of the act, and our conclusion therefore is that after payment to him under a lump sum settlement order, regularly arrived at, the injured workman can no longer, as of right, demand of the employer any contribution of any sort.

*Decree affirmed.*
*Appeal dismissed.*