## WHITE'S CASE.

Aroostook.    Opinion March 1, 1927.

*Under the Workmen's Compensation Act an assenting employer is bound to furnish or pay for medical aid, for a period of thirty days and to the extent of one hundred dollars, but a longer period or a greater sum may be determined by the Industrial Accident Commission upon a hearing on a petition by either in such cases only where the employee and employer do not agree, a prerequisite to jurisdiction.*

In the instant case, the employer and insurance carrier, in their relationship to the injured employee, are as one and the same, and the procedure being by petition by the employer against the insurance carrier is unauthorized. The proceedings should have been instituted by the employee, or some one claiming under him adversely to the employer after a disagreement between them; a preliminary essential to the jurisdiction of the Commission.

On appeal in a compensation case. Compensation was awarded and paid to a dependent widow until her remarriage. From the date of the injury to the death of the employee more than thirty days elapsed and more than one hundred dollars expense for medical-aid was incurred. These proceedings were instituted by petition of employer against the insurance carrier for the purpose of having the Industrial Accident Commission determine how much of such medical-aid expenses should be paid. The commission ordered a part of the bills to be paid by the petitioner and a part of them to be paid by the insurance carrier, and from an affirming decree both the petitioner and the insurance carrier appealed. Appeal sustained. Decree below reversed.

The case fully appears in the opinion.

*J. Frederic Burns,* for petitioner (employer).

*Robert Payson,* for insurance carrier.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, BASSETT, PATTANGALL, JJ.

DUNN, J. This case presents a question under the Workmen's Compensation Law.

Narrowed down to specific details, in reference to the sequence of events the case is:

One Everett D. White, an employee of the assenting firm of W. E. Robinson & Son, sustained an industrial injury on the twenty-fourth day of January, 1924.

He was removed to an Houlton hospital, and there remained for longer than two months, when, following the amputation of his crushed leg, which to this time it had been hoped to save, he died.

. Though the injury was compensable, the injured man neither applied for nor received compensation, either in the form of medical aid or of weekly payments.

Mr. White was survived by his wife. She claimed the benefit of compensative payments (*Mary A. White's Case*, 124 Maine 343), and for a time had such. The privilege of having further payments terminated on her remarriage. 1919 Laws, chap. 238, sec. 12, as amended by 1921, chap. 222.

Next, the erstwhile employer filed against its insurance carrier to the commission that petition by which the present proceeding was begun. The petition alleges the inability of the "parties," and the expression "parties" must be taken to relate antecedently to the employer and the carrier, to agree upon the amount to be allowed toward the bills and charges aggregating $995.50, that were incurred for medical and other care furnished Mr. White at the hospital.

The carrier answered, and answering, moved the dismissal of the petition on the ground that the petitioner was without standing. The motion was overruled. The hearing progressed; the commission ordered that, in the respective amounts sanctioned by it, the bills be paid, not by the carrier alone, but by either carrier or employer. From the enforcing decree, entered by statutory direction, both employer and carrier appealed.

Their appeal has merit.

Upon the happening of the accident, the contractual right of Mr. White to have compensation vested, and the obligation to pay it became definite. *Gauthier's Case*, 120 Maine 73. That is, to begin with, the employer was bound to furnish, or pay for, medical, surgical, and hospital services, nursing, medicines, and the like, during the first thirty-day period, to an extent not exceeding one hundred dollars; the obligation being enforceable by petition to the Indus-

trial Accident Commission in behalf of the employee.    *Ferren* v.
*Warren Company*, 124 Maine 32.

That right to have professional skill and services and care was
property.   *Melcher's Case*, 125 Maine 426.

On occasion, as employee or employer, the one or the other, in any
compensable case may show, the Accident Commission can fix a long-
er period or a greater sum, for medical and related attention.   1919
Laws, chap. 238, sec. 10.

But the Compensation Act does not provide to an assenting em-
ployer a remedy against his insurance carrier, to determine whether
there shall be an increased time or amount.   It is not meant to say
that an employer would be without remedial right, where the under-
lying contract breached by the carrier, in neglect or refusal to furn-
ish or pay for the services or care; rather is meaning that the proce-
dure employed in this instance is unauthorized.

The Workmen's Compensation Act, it seems becoming in passing
to remark, is binding upon employers and employees electing to be
bound, and upon none others.   The act deprives no creditor of his
right to resort to the courts for the establishment and collection of
his claim.

Under the act, in relationship to an employee injured, the employer
and the insurance carrier are as one and the same.   This is because
the employer, in the stead of proving to the commission his ability
to pay all awards of compensation, optionally filed the insurance
policy which the carrier had issued.   1919 Laws, chap. 238, sec. 6.

Respecting medical aid, as has been noted, whenever an employer
and an employee are disagreeing on a longer period or a greater sum,
the power to hear and determine the controversy is in the Industrial
Accident Commission.

Which is but another way of saying that disagreement between
them who have or claim an interest in proceedings instituted by an
employee adversely to an employer, or conversely, to settle a medical-
aid difference, is prerequisite to jurisdiction within the meaning of
the Compensation Law.

And of such preliminary essential, in the instant case there is lack.

*Appeal sustained.*
*Decree below reversed.*