## COMER'S CASE.

Penobscot.    Opinion October 10, 1931.

*Arthur L. Thayer*, for plaintiff.
*Robinson & Richardson,*
*Nathan W. Thompson*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

PATTANGALL, C. J. Workmen's Compensation Act. On appeal
from decree by a Justice of the Superior Court in conformity with
the findings of the Industrial Accident Commission, awarding com-
pensation to the petitioner.

Two issues are raised: first, that in view of the evidence sub-
mitted, the finding that the injury which petitioner suffered was
caused by accident was unwarranted; second, that the petition
was not filed within one year after the date of the accident.

The decree of the Commission states the following facts. Peti-
tioner, who had been employed by respondent for several years,
was on November 14, 1929, engaged with other employees of re-
spondent in unloading oil from a truck and transferring it to a
warehouse. Petitioner's particular work consisted in lifting five-
gallon cans filled with oil from a truck about four feet in height
and carrying them, one in each hand, to a point where he de-
livered them to a fellow servant. While lifting the cans, or just
after having done so, he became suddenly incapacitated, the col-
lapse resulting from dilatation of the heart.

He had submitted to an examination by respondent's physician
during the previous winter and it had then been discovered that
he was suffering from enlargement of the heart.

From these facts, the Commission reached the following conclu-
sions: that there was nothing out of the ordinary about peti-
tioner's work on the day in question; that he had been, prior
thereto, suffering from a progressive disease of the heart; that it
was reasonable to expect that he would eventually suffer consider-
able incapacity therefrom, regardless of whether or not he should
have an accident; that the preëxisting heart condition would be
aggravated by exercise; that his collapse from dilatation of the
heart, at the time it occurred, was "unusual, unexpected and sud-
den"; that "the exertions of petitioner, in the ordinary course of
his work, materially contributed toward the weakening of an al-
ready diseased heart"; and "that his exertions on November 14,
1929, caused his collapse on that date."

On these facts and having reached these conclusions, the Com-
mission awarded compensation. We can not say that the findings

of fact are without support in evidence or that the conclusions deduced therefrom are not based on reason. Under these circumstances, the Commission had ample precedent for its award.

In *Patrick* v. *Ham*, 119 Me., 519, this Court said, "That Patrick was suffering from diseased arteries pre-disposing him to cerebral hemorrhage is of no consequence in the case. That he might have died, or would have died in his bed, of cerebral hemorrhage, in a year or a week is immaterial.

"The question before the Commission was whether the work that he was doing on the afternoon of October 13th, 1919 caused the cerebral hemorrhage to then occur. If so, we think it was an accident arising out of and in the course of his employment.

"This was a question of fact. The Industrial Accident Commission through its chairman has decided this question of fact in favor of the claimant. The finding is, we believe, supported by rational and natural inferences from proved facts."

"If, but for an injury arising out of and in the course of his employment, an employee would not have died at the time at which and in the way in which he did die, then within the meaning of the Act, the unfortunate occurrence, though it merely hastened a deep-seated disorder to destiny, must be held to have resulted in an injury causing death." *LaChance's Case*, 121 Me., 506.

"If a disorder existing before the accident had been so aggravated or accelerated by an industrial accident as to produce incapacity, the employee is entitled to compensation." *Orff's Case*, 122 Me., 114.

"Sudden heart dilatation caused by a strain would, we think, in ordinary parlance be called accidental." *Brown's Case*, 123 Me., 424.

"The theory of the defense is that the hemorrhage was the natural result of a diseased condition of the circulatory system and that it occurred independently of the employment of the deceased. The existence of hardening of the arteries and high blood pressure is immaterial even though it would have finally produced cerebral hemorrhage. Acceleration or aggravation of pre-existing disease is an injury caused by accident." *Hull's Case*, 125 Me., 137.

The second objection is not open to appellant. It was not included in its answer. "If the opponents of the petition wish to in-

terpose the bar of a statute limitation, they should do so by answer before hearing that the issue may be apparent, or lose the benefit of such defense, as in procedure in actions at law requiring that the statute of limitations shall be specially pleaded." *Morin's Case*, 122 Me., 342.

> *Appeal dismissed.*
> *Decree below affirmed.*
> *Court below to fix employee's expenses on appeal.*