**Margaret A. NORTON**

v.

**PENOBSCOT FROZEN FOOD LOCKERS,
INC. and Aetna Casualty and
Surety Company.**

Supreme Judicial Court of Maine.

Sept. 20, 1972.

Grossman, Faber & Miller, by Edward B. Miller, Rockland, for plaintiff.

Locke, Campbell & Chapman, by Joseph B. Campbell, Augusta, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This case is before us on appeal from a pro forma decree of the Superior Court affirming the Industrial Accident Commission's dismissal of the appellant's petition for an award of compensation.

Margaret A. Norton was accidentally injured on April 28, 1967; however, she voluntarily continued her employment until February 12, 1971, and did not file a

petition claiming compensation until May 28, 1971. Admittedly, the accident arose out of and in the course of her employment.

The record indicates that Mrs. Norton received medical treatment necessitated by her injuries during the years 1967 to 1970 inclusive, for which the insurance company paid without being ordered to do so by the Commission. No contingencies were attached to these payments nor was Mrs. Norton inhibited or induced by any act of the appellees not to file the petition until she did.

39 M.R.S.A. § 95 provides:

"Any employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within 2 years after the date of the accident. . . ."

There has been some confusion over whether section 95 is *jurisdictional* or *procedural*. If the former, it cannot be waived; if the latter, it may be.

The difficulty may stem from language used in The Garbouska Case, (1925) 124 Me. 404, 130 A. 180, where the only defense raised was that the petition had not been seasonably filed, namely: "Each limitation period for the beginning of proceedings is jurisdictional. It pertains to the remedy." Id. at 406, 130 A. at 180. Reciting that *The Garbouska Case* "governs our decision in this case," the Commission, as we read the decree, operated on the assumption that the two year period in which a petition for compensation may be filed after the date of the accident is jurisdictional and, therefore, not subject to waiver.

In 1922 the Maine Court held in McCollor's Case, (1922) 122 Me. 136, 119 A. 194, where no claim for compensation was filed until the then one year period of limitation had lapsed, but where the answer failed to assert this defense, that it was not avail-

able. The Court must have considered the limitation period to have been procedural because it dismissed the employer's appeal for failure to *plead* the statute in defense.

One year later, in Morin's Case, (1923) 122 Me. 338, 120 A. 44, after the employer argued, *without pleading* the statute in defense, "[t]his is an original petition for compensation and hence is barred by the two-year limitation period," our Court stated:

"If the opponents of the petition wish to interpose the bar of a statute limitation, they should so do by answer before hearing, that the issue may be apparent, or lose the benefit of such defense, as in procedure in actions at law, requiring that the statute of limitations shall be specially pleaded." Id. at 342, 120 A. at 46.

In 1931 the language in *Morin's Case* was quoted with approval in Comer's Case, (1931) 130 Me. 373, 156 A. 516.[1]

Although the holding may be dicta, as we will later discuss, the obvious assumption of the Court in Burpee v. Town of Houlton, (1960) 156 Me. 487, 166 A.2d 473, was that the statutory predecessor of section 95 was procedural.

We, therefore, conclude that section 95 is procedural, capable of being waived, and requiring affirmative assertion as a defense. It is subject to the same procedural rules that apply to other statutes of limitations. *See* M.R.C.P., Rule 8(c).

The issue becomes whether the voluntary payment of medical bills, incurred after April 28, 1969, and paid by the appellees within two years of the date of the petition, operated, per se, as a waiver of the appellant's obligation to file her petition for compensation within two years after the date of the accident, the appellees having specifically pleaded this failure to comply

---

1. It is interesting to note that Mr. Justice Dunn, who was the scrivener of *The Garbouska Case*, joined without dissent in *Comer's Case*, written by Chief Justice Pattangall.

with section 95 as a defense. We answer in the negative, for the reasons hereinafter elucidated.

Initially, we concern ourselves, additionally to section 95, with 39 M.R.S.A. § 52, which provides:

"An employee sustaining a personal injury by accident arising out of and in the course of his employment . . . shall be entitled to reasonable and proper medical, surgical and hospital services, nursing, medicines, and mechanical, surgical aids, as needed, paid for by the employer. . . ."

■ On the facts before us, the appellees became, by virtue of section 52, legally obligated to pay the appellant's medical bills. Conversely, Mrs. Norton had a vested right, as an assenting employee, to their payment. White's Case, (1927) 126 Me. 105, 136 A. 455. In Maine the services described in section 52 are considered to be "compensation," Melcher's Case, (1926) 125 Me. 426, 134 A. 542, and an employee, obviously, may compel payment therefor by petition for "award of compensation" under 39 M.R.S.A. § 94.

■ The obligation to pay compensation in the form of medical services created by section 52 is not dependent on section 95. Otherwise stated, this obligation may be avoided, if created after the limitation period has expired, only by specially pleading in defense the bar imposed under section 95. *McCollor's Case, supra; Morin's Case, supra.*

On the facts before us the appellees were under a statutory obligation to pay Mrs. Norton's medical bills, including those incurred in 1970, avoidable only by properly pleading the limitation period. While we conclude that the voluntary payment of these bills does not, per se, waive the two year limitation period for filing the petition for compensation, we feel it is appropriate to set forth the rationale which prompts this result.

Although it has been urged in argument that Burpee v. Town of Houlton, *supra,* is dispositive of the instant case, the Commissioner having cited *Burpee* as authority for the proposition that the voluntary payment of medical expense is not a waiver of the time limitation for filing a petition, we do not so read it.

In *Burpee,* unlike the instant case, no medical bills were paid after the limitation period had expired and, additionally, the petition there was not commenced for over one year and seven months after the payment of the last medical bill, the limitation period then being *one* year. In the case before us, the petition was brought well within two years of the payment of the last medical bills, although four years and one month after the industrial accident. Limiting *Burpee* to its facts, the case goes no further than to hold that there had been no proof of an intent by the insurance company to waive the limitation period and that Burpee's conduct had not been influenced in any way by the company. Whether the limitation period may be tolled by waiver or estoppel was expressly left undecided.

Section 95, providing that a claim *shall be barred* unless a petition shall be filed within two years after the date of the accident, does not contain any provision tolling the operation of the limitation period, as do many other states. See, for example, Welborn v. Southern Equipment Company, (Mo.1965) 395 S.W.2d 119; Paolis v. Tower Hill, (1919) 265 Pa. 291, 108 A. 638; John Sevier Motor Company v. Mullins, (1959) 205 Tenn. 227, 326 S.W.2d 441.

We conclude that precedent is of limited value in seeking an answer to the precise question before us. We can only surmise the results that would be reached in other jurisdictions if the facts before us were to be applied to different statutes. For example, had the facts of *Burpee* been before the Oklahoma Court, altered by assuming that the petition had been dated within one year from the payment of the last medical

bill, it is probable that a different result would have been reached. *See* Oklahoma Furniture Mfg. Co. v. Nolen, (1933) 164 Okl. 213, 23 P.2d 381, holding that the furnishing of medical treatment alone is sufficient to toll the statute of limitations.

We believe that attempting to fashion plain statutory language to meet the unique hardship that may be suggested in a given case tends to make bad law. The Maine Legislature, if it deems it appropriate, may see fit to adopt language similar to that, for example, used in Missouri where the limitation period is allowed to run from the last day on which compensation is paid. Welborn v. Southern Equipment Company, *supra*. It is not for us to decide whether or not it is legislatively appropriate to add language to section 95 whereby the two year limitation may be tolled.

We have only recently recognized the need of insurance companies to have a firm and well defined rate base. *See*, Prudential Ins. Co. of America v. Insurance Commissioner, (Me.1972) 293 A.2d 529. Actuarial statistics in the compensation field would be of little value without some terminal date on litigation. It seems clear that the success of the Workmen's Compensation Law depends upon the underlying support of solvent insurance companies, solvency being contingent on the ability to establish rates consistent with loss experiences. If the loss experience cannot be actuarially determined because the terminal date of liability is not settled, insurance companies would be reluctant to pay medical bills voluntarily.

From the employees' point of view, they would be denied easy, prompt, inexpensive and informal access to necessary medical facilities when most needed if the insurance companies insisted on a petition for compensation before they met their obligations created by section 52. It is obvious that this would defeat the beneficial purposes for which Workmen's Compensation Acts were designed. Furthermore, the case load on the docket of the commission would dramatically increase and strain the ability of the commission to give speedy consideration to pending petitions.

The Court may realistically look at the operation of the Workmen's Compensation Act as it actually is practiced in this State. Any Maine attorney engaging in this type of litigation is aware of many instances where employees injured in the course of their employment receive prompt medical treatment and it is undoubtedly true that this prevents the exacerbation of their injuries and potential disabilities. We do not want to suggest in this opinion anything that would inhibit the present method of supplying these benefits.

Since we have held that the mere payment of compensation in the form of medical bills does not, per se, operate as a waiver of section 95, the result reached by the Commissioner was correct, albeit for the wrong reason.

The entry is:

Appeal denied. Ordered an allowance of $350.00 for fees and expenses of counsel to be paid by the employer to the employee.