Emery DEABAY

v.

## ST. REGIS PAPER CO.

Supreme Judicial Court of Maine.

Argued March 2, 1982.

Decided March 26, 1982.

McTeague, Higbee & Tucker, James Case (orally), Patrick N. McTeague, Brunswick, for plaintiff.

Mitchell & Stearns, Kevin M. Cuddy (orally), Peter M. Weatherbee, Bangor, for defendant.

Before McKUSICK, C. J., and GOD-FREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

McKUSICK, Chief Justice.

The Workers' Compensation Commission denied employee Deabay's petition for award of compensation on the ground that it was barred by the applicable statute of limitations. Through the then-applicable statutory medium of a Superior Court pro forma decree, the employee has sought review of that denial in this court. We deny his appeal.

On August 14, 1973, petitioner, an employee of St. Regis Paper Company, suffered a work-related knee injury that caused him to lose between thirty and ninety minutes of work. His pay was not docked for the lost time and he did not file any claim for compensation. For the next four to five years, petitioner suffered minor pain in that knee. When the pain worsened in 1978, he consulted a doctor for the first time. In 1979, another doctor operated on the knee, finding a calcified laceration that could have been caused by the accident years earlier. The surgery prevented petitioner from working from October 3 to November 25, 1979. Petitioner bore some of the cost of the operation himself, the rest being paid by Prudential Insurance Company pursuant to a health plan that was one of the fringe benefits provided under the collective bargaining agreement entered into by St. Regis with its employees. On January 31, 1980, petitioner filed a petition for award of compensation on account of a personal injury while in the employ of St. Regis on August 14, 1973. The hearing

commissioner denied the petition on the ground that it was not timely filed under the Workers' Compensation Act.

Under current 39 M.R.S.A. § 95 (Supp. 1981),[1] an employee may petition for award of compensation "within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, . . . within 2 years of any [such] payment . . . for benefits otherwise required under this Act." Prior to October 1, 1975, when this provision of section 95 became effective,[2] the Law Court held that an employer's payment of an injured worker's medical costs after the running of the statute of limitations did not start the statute running again. *See Norton v. Penobscot Frozen Food Lockers, Inc.*, Me., 295 A.2d 32 (1972).[3]

▪ Petitioner argues that the amended statute of limitations applies to his case, even though the two-year statute of limitations applicable at the time of his injury on August 14, 1973, had already run by the October 1, 1975, effective date of the amendment. We need not reach this issue, for even if the 1975 amendment were to be applied, it would not save this claim because the statutory predicate for affecting the period of limitations did not occur here. The commissioner below expressly concluded as a matter of law that the payment by Prudential of the cost of petitioner's operation did not constitute payment, in the terms of section 95, "by the employer or the insurer . . . for benefits otherwise required by this Act." That conclusion was correct. The statute's reference to "the insurer" clearly contemplates compensation carriers.

St. Regis Paper Co., the employer in the case at bar, is a self-insurer for workers' compensation purposes; its contract with Prudential extended only to the provision of general health insurance for its workers under their collective bargaining agreement. Prudential's payments were not made pursuant to the requirements of the Workers' Compensation Act, but pursuant to union contract. Prudential's obligation was wholly independent of whatever liability the employer might incur under the Act. Employer neither accepted responsibility for petitioner's injury nor attempted to lull petitioner into abandoning his rights. Petitioner does not claim, and the record does not suggest, that he believed or had reason to believe that his medical payments originated with his employer in recognition of any workers' compensation obligations.

▪ The employee alternatively argues that St. Regis should be estopped from relying on the statute of limitations. Shortly after the accident in 1973, petitioner's father, who held the position of plant safety supervisor for St. Regis, instructed petitioner not to seek medical attention, telling him he "wasn't going to have a lost time injury." The commissioner found, on all the evidence, that petitioner had not proven the factual prerequisites of estoppel and that the most likely reason for petitioner's failure to file a timely petition was not reliance but a mistaken belief that his injury would not be disabling. Since that finding is supported by competent evidence in the record

---

1. At present, 39 M.R.S.A. § 95 (Supp.1981) reads in pertinent part as follows:

    Any employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act.

2. Prior to its amendment by P.L. 1975, ch. 372 (effective October 1, 1975), 39 M.R.S.A. § 95 (1965) read in pertinent part as follows:

    An employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within one year after the date of the accident.

3. The 1975 amendment of section 95 was apparently a legislative response to the invitation extended in *Norton v. Penobscot Frozen Food Lockers, Inc., supra* at 35:

    The Maine Legislature, if it deems it appropriate, may see fit to adopt language similar to that, for example, used in Missouri where the limitation period is allowed to run from the last day on which compensation is paid.

and is not clearly erroneous, it will not be upset on appeal. *See* M.R.Civ.P. 52(a).

None of the employee's contentions on appeal reveal any reversible error on the part of the Workers' Compensation Commission.

The entry must be:

Pro forma judgment of the Superior Court affirmed.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.