**Rudolph DiPIETRO**

v.

**J.J. NISSEN BAKING COMPANY, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 17, 1992.

Decided Nov. 10, 1992.

James G. Fongemie (orally), James J. MacAdam, McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for plaintiff.

M. Thomasine Burke (orally), Joanne P. Dugan, Richardson & Troubh, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

Employee Rudolph DiPietro appeals from a decision of the Appellate Division of the Workers' Compensation Commission affirming a decision of the Commission granting J.J. Nissen Baking Company's petition for award relating to DiPietro's 1987 injury. We agree with DiPietro's contention that Nissen's petition is barred by the applicable statute of limitations and, accordingly, we vacate the decision of the Appellate Division.

DiPietro sustained a compensable back injury in January of 1985 while working for Nissen. He returned to work and again sustained a compensable back injury in March of 1987. Pursuant to the early-pay system of the workers' compensation statute, *see* 39 M.R.S.A. § 51–B (1989), Nissen filed a memorandum of payment (MOP), *see* section 51–B(5), in July 1987 accepting DiPietro's claim pending investigation. The MOP listed January *1985* as the date of injury and July *1987* as the date of incapacity. Nissen did not file a first report of injury or a notice of controversy.

In March 1988, Nissen filed a petition for review of incapacity for the 1985 injury. In April 1988, Nissen filed a motion for reduction of benefits for the 1985 injury. On October 26, 1989, Nissen filed a petition for award for the *1987* injury. The three petitions were consolidated and heard on October 30, 1989. The commissioner denied the petition for reduction of benefits

and denied the petition for review of incapacity to the extent that it asserted that the 1985 disability had ended, finding that DiPietro was still partially disabled from the 1985 injury. The commissioner also found that DiPietro's disability was a result of the combined effects of *both* the 1985 and 1987 injuries and granted Nissen's petition for award of compensation for the 1987 injury with *all* payments subject to the pension offset provision of 39 M.R.S.A. § 62–B (1989).[1]

The Appellate Division affirmed the decision of the commissioner except as relating to the setoff provision, concluding that the setoff applies only to the 1987 injury, and remanded for an apportionment of DiPietro's disability between the two injuries. We granted DiPietro's petition for appellate review. *See* 39 M.R.S.A. § 103–C (1989).

■ Because the Appellate Division is an intermediate tribunal, we review the decision of the commissioner directly for legal error. *Harvie v. Bath Iron Works,* 561 A.2d 1023, 1024 (Me.1989). DiPietro first contends that the Commission should not have entertained Nissen's petition for award. He argues that a petition for award provided for in 39 M.R.S.A. § 94 (1989) is a remedy provided exclusively for employees and that Nissen, as the employer, has no standing to bring such a petition. We disagree. The plain language of section 94 and section 96–A reveals a legislative intent to allow an employer to file a petition for award of compensation. Although a petition for award is a remedy usually used by an employee to determine the employee's right to benefits resulting from a work-related injury and is not a petition normally filed by an employer,[2] 39 M.R.S.A. § 96–A (1989) provides that "[a]ny interested party may seek a determination of his rights under this Act by filing with the commission *any petition* authorized under the Act." (Emphasis added.) Section 94 provides that "*any party in interest* may file ... a petition for award of compensation."[3] Because Nissen, as the employer, has an interest in determining the extent to which DiPietro's disability is attributable to the 1987 injury so as to obtain the pension offset of section 62–B of the Act, a provision not applicable to the disability attributable to the 1985 injury, Nissen is an interested party within the plain meaning of sections 94 and 96–A of the Act, and, therefore, has standing to bring the petition for award of compensation.

■ Even though as an employer Nissen is not precluded from bringing the petition pursuant to section 94, we agree with DiPietro that Nissen's October 1989 petition for award on the March 1987 injury is barred by 39 M.R.S.A. § 95 (1989),[4] the

1. 39 M.R.S.A. § 62–B (1989) provides that for injuries occurring after June 1985, workers' compensation benefits are partially offset by certain other benefits received by the worker, including pension benefits. DiPietro has since retired and now receives pension benefits.

2. Included in an employer's remedies authorized under the Act are a petition for reduction of benefits upon an employee's refusal of an offer of reinstatement, 39 M.R.S.A. § 66–A(6) (1989) ("the employer or insurance carrier may file ..."), and a notice of controversy contesting the employee's claim, 39 M.R.S.A. § 51–B(7) ("if the employer ... controverts the claim to compensation, he shall file ... a notice of controversy[.]").

3. Under the predecessor statute to 39 M.R.S.A. § 94, in the absence of an agreement between an employer and its employee in regard to compensation benefit, "either employer or employee," or in the event of the employee's death and a dispute among the surviving dependents, "any

party in interest" could petition the commission for a determination. *See* R.S. ch. 50, § 30 (1916). In 1983, the section was amended, condensing the language into its present form: "any party in interest." 39 M.R.S.A. § 94, *amended by* P.L. 1983, ch. 479, § 18. We find no indication that, in amending section 94, the legislature intended to change the long standing method of making available to employees, employers, and other parties in interest a procedure for determining the "rights of the petitioner."

4. 39 M.R.S.A. § 95 (1989) provides in pertinent part:

   [a]ny employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in § 94 shall be filed within 2 years after the date of the injury, or, if the employee *is paid by the employer* or insurer, without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits oth-

two-year statute of limitations.[5] Section 95 provides that a petition brought under section 94 must be filed within two years after the date of injury. Nissen contends, however, and the Appellate Division held, that the two-year statute of limitations never began to run because Nissen never filed a first report of injury and, alternatively, that the benefits received by DiPietro tolled the running of the statute.

As with statutes of limitations generally, section 95 insures against the prosecution of stale claims. There are two exceptions to the limitations statute, both designed to protect the interests of the *employee:* (1) the statute does not begin to run until the employer files a report of first injury; and (2) payments made to the employee toll the statute. In this case Nissen, as the employer, cannot invoke either provision to prevent the running of the two-year statutory period.

Section 95 explicitly provides that the two-year period in which *the employee* may file a claim does not begin to run until the employer files a report of first injury. The filing requirement triggers action by the commission for the benefit of the employee to insure that the employee has notice of available options and the two-year limitation for filing claims. *Stickles v. United Parcel Serv.*, 554 A.2d 1176, 1179 (Me. 1989); 39 M.R.S.A. § 94–A(1) (1989). The employer's failure to file the first report of injury works a disadvantage to the employee that justifies the delayed running of the statute. No analogous policy considerations support relief to employers from the statute of limitations because of the employer's failure to file the first report of injury. Indeed, to construe section 95 to allow the employer to solely determine when the period of limitations begins to run against itself based on when it filed the first report of injury, leaves the employee unprotected against litigating stale issues and contravenes the letter and spirit of the Act.

■ The Appellate Division also held that the statute of limitations was tolled because DiPietro was receiving payments from Nissen. The tolling provision protects the employee from being lulled into abandoning or failing to pursue his right to file a petition for award by the receipt of voluntary payments from the employer. *See Deabay v. St. Regis Paper Co.*, 442 A.2d 963, 964 (Me.1982). There is no similar policy reason that the tolling provision be applied to a section 94 petition filed by the employer. Nissen had knowledge of both injuries to DiPietro and it is charged with knowledge of section 62–B, the provision allowing pension benefits to be partially set off against payments attributable to the 1987 injury. To allow an employer who does not file a notice of controversy, *see* 39 M.R.S.A. § 51–B(7), to rely on payments it is making under the early pay system for the purpose of tolling the statute of limitations would grant to that employer an unlimited time to return to the commission to contest the details of an employee's claim by filing a petition for an award. This would unfairly deprive the employee of the protection of the statute of limitations against the litigation of stale issues. Such a result is contrary to the purposes of the early payment system that is designed to encourage prompt payment of claims and final resolution of those claims. *Wentworth v. Manpower Temporary Servs.*, 589 A.2d 934, 936–37 (Me.1991); *see also Stickles*, 554 A.2d at 1179.

---

erwise required by this Act. The 2–year period in which an employee may file his claim does not begin to run until his employer, if he has actual knowledge of the injury, files a *first report of injury as required by section 106 of the Act.*
(Emphasis added.)

**5.** DiPietro also contends that the memorandum of payment issued by Nissen listing 1985 as the date of injury is *re judicata* as to the date of injury. Because we find that Nissen's petition for award is barred by the statute of limitations, we need not address this contention.

The entry is:

Judgment vacated. Remanded to the Appellate Division for remand to the Workers' Compensation Commission for entry of an order denying the petition for award.

All concurring.