## MARK McCOLLOR'S CASE.

Somerset.    Opinion December 25, 1922.

*Under the Workmen's Compensation Act, though the petitioner does not make claim*
*for compensation within one year from the date of the accident causing the injury,*
*such failure is not available as a defense unless set up in the answer*
*filed by defendants.*

When in a compensation case an answer filed by the defendants does not set up
failure to make claim for compensation within a year as required by Section 17,
such defense is not open.

On appeal.   This is an equity proceeding to recover compensation
under the Workmen's Compensation Act, for an alleged injury
suffered by plaintiff while in the employ of defendant, on March 23,
1920.   The petition for compensation was not filed until February
29, 1922, more than one year after the date of the accident which
caused the alleged injury.   The defendant contended that the year
within which a claim for compensation must be made as provided
under Section 17 of said Act, begins on the date of the accident from
which resulted the alleged injury, while petitioner insisted that such
year does not begin to run until the injury results in incapacity.   In
the answer filed by the defendant no claim is made on the ground of
such failure to make claim for compensation within the year from
date of accident.   From a decree of a single Justice affirming the
awarding of compensation by the commission, an appeal was taken.
Appeal dismissed.   Decree affirmed.

The case is stated in the opinion.

*Merrill & Merrill,* for claimant.

*George E. Thompson,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, PHILBROOK, WILSON, DEASY; JJ.

DEASY, J.   Section 17 of the Workmen's Compensation Act
(Laws of 1919, Chapter 238) provides that "no proceedings &c.
shall be maintained" unless the claim for compensation with respect

to such injury shall have been made within one year after the occurrence of the same. It is conceded that the petitioner made no claim for compensation for more than a year following the happening of the accident. The defendants contend that the injury occurs and the year during which the claim must be made begins to run at the happening of the accident causing the injury. The petitioner argues on the other hand that the injury occurs when it results in incapacity and so becomes compensable. This defense, if valid, is not available. Section 32 of the Act requires the defendants to "file an answer to said petition . . . . which answer shall state the claims of the opponents with reference to the matter in dispute as disclosed by the petition." The right to compensation is the matter in dispute so far as disclosed by the petition in this case.

The defendants now contend that the right is barred by failure on the part of the petitioner to perform a condition precedent, to wit, to make a claim within one year. But the answer filed by the defendants does not state this claim. The answer denies that the petitioner received a personal injury by accident arising out of and in the course of his employment by the defendant employer, or that the accident happened as stated, or that it resulted in hernia.

It does not inform the petitioner that a breach of condition on his part will be claimed. Under the issues as made by the petition and answer the petitioner was not required to produce any evidence upon this point. The breach of condition (assuming that a breach is shown) does not avail the defendants. *Mitchell's Case*, 121 Maine, 460; see also *Storrs* v. *Ind. Com.*, (Ill.), 121 N. E., 267; *Roach* v. *Kelsey Wheel Co.*, (Mich.), 167 N. W., 35; *Baldwin* v. *McDowell*, (Ind.), 135 N. E., 389; *Lumber Co.* v. *Pillsbury*, (Cal.), 161 Pac., 982; *Ackerson* v. *Zinc Co.*, (Kan.), 153 Pac., 530.

*Appeal dismissed.*
*Decree affirmed.*