## JOHN E. SPENCER'S CASE.

### Oxford.    Opinion June 12, 1923.

*An agreement under the Workmen's Compensation Act, duly approved, as to com-*
*pensation for an injury, is, in effect, a judgment as to the injury or injuries it*
*purports to cover, and such matters are res adjudicata.    But additional com-*
*pensation may be awarded for an injury not covered by such an agree-*
*ment on a petition filed within the two years' limitation*
*under Section 39.*

In the instant case the original agreement had the legal effect of a judgment on what it purported to cover, but it covered only the injury to the fingers. The thumb was not included. Therefore, the claimant still had the legal right to file the present original petition for injury to his thumb, provided he did so within the two years' limitation specified in Section 39. He was within the limitation, and it makes no difference whether his petition is filed before or after the expiration of the fifty-five weeks specified in the original agreement.

This case is the converse of *Foster's Case*, 123 Maine, 27. In that case the original agreement in terms covered three injuries, and it was held that as to these three the claim was res adjudicata. In the instant case the agreement covered two injuries, and the petition is for a third. Therefore it is not affected by the previous award.

On appeal. An appeal from awarding claimant compensation of $12.27 per week for twenty-five weeks for a fifty per cent. permanent impairment of the thumb on the left hand, said period to begin at the expiration of the fifty-five weeks' period for which a specific compensation of $12.27 per week had been awarded under an agreement, duly approved, for injuries to the index and middle fingers of the left hand. Appeal dismissed. Decree of sitting Justice affirmed.

The case is fully stated in the opinion.

Petitioner was without counsel.

*Robert Payson,* for respondents.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

HANSON, J. The claimant was injured on October 29, 1920, his injury consisting of the loss of two fingers and the laceration of the

thumb on the left hand. An agreement of settlement was filed January 9, 1921, and duly approved January 12, 1921, whereby the claimant was awarded $12.27 per week for fifty-five weeks, commencing November 8, 1920, for the injury of the two fingers. The agreement specified the injury for which compensation was thereby awarded as "amputation first and second fingers left hand."

On July 17, 1922, the claimant filed the pending petition to determine the extent of the permanent impairment of the thumb. On this petition the commission awarded a compensation of $12.27 for the further period of twenty-five weeks to begin at the expiration of the period of fifty-five weeks specified in the previous agreement. From this award the pending appeal was taken.

The decision of the commission should stand. The original agreement had the legal effect of a judgment on what it purported to cover, but it covered only the injury to the fingers. The thumb was not included. Therefore the claimant still had the legal right to file the present original petition for injury to his thumb, provided he did so within the two years' limitation specified in Section 39. He was within that limitation, and it makes no difference whether his petition is filed before or after the expiration of the fifty-five weeks specified in the original agreement.

This case is the converse of *Foster's Case*, 123 Maine, 27. In that case the original agreement in terms covered three injuries, and it was held that as to those three the claim was res adjudicata. In the pending case the agreement covered two injuries, and the petition is for a third. Therefore, it is not affected by the previous award.

The entry must be,

> *Appeal dismissed.*
> *Decree of sitting Justice*
> *affirmed.*