### WILLIAM H. COLLINS' CASE,

### Penobscot.    Opinion July 7, 1923.

*Under the Workmen's Compensation Act, a compensation agreed upon and paid for*
*an injury is final and conclusive as to the injury embraced in the agreement, and a*
*further specific compensation for the same injury cannot be decreed; but a*
*compensation for loss of earning capacity subsequent to the period*
*of the specific compensation agreed upon, not included in*
*the agreement, may be granted.*

Contracts free from fraud must be respected and enforced as made.    This is true
of ordinary contracts.    With greater reason it is true of compensation agree-
ments which are made by the parties, officially approved, and have the force of
judgments.

Compensation having been agreed upon and paid for an injured hand the Chair-
man cannot by decree require payment of further specific compensation for the
same injury.

In the instant case it being apparent that the agreement made did not include
compensation for actual loss of earning power after the period of specific com-
pensation agreed upon, the case is to be remanded to the Commission for amend-
ment of petition and determination of loss of earning power.

On appeal.    This is an appeal from a decree of a sitting Justice
affirming the finding of the Chairman of the Industrial Accident
Commission and the awarding additional compensation to William
H. Collins for permanent impairment to the left hand.    On January
29, 1921, an agreement was entered into by the parties and approved
by the Commission, that compensation at the rate of $15.00 per week
was to be paid for seventy-five weeks from September 27, 1920,
which was paid, and said period of seventy-five weeks had expired
before the filing of the petition in this case, on which petition after
a hearing the chairman of the commission decreed that the time
during which the compensation was to be paid should be extended
to one hundred twelve and one half weeks, from which decree an
appeal was taken.    Appeal sustained.    Decree reversed.    Case
remanded for further proceedings in accordance with opinion.

The case is fully stated in the opinion.

*James M. Gillin and William H. Murray*, for petitioner.

*Robert Payson and W. T. Gardiner*, for respondents.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

DEASY, J.   The petitioner, having been injured by an industrial accident, entered into an approved compensation agreement with his employer.  The injuries which were the basis of the agreement were, as stated therein, "amputation of left thumb and second finger, injured hand."  For these injuries $15 per week for seventy-five weeks was agreed to be paid and was paid.  Later, and after the expiration of said period of seventy-five weeks, a petition was presented asking for compensation for permanent impairment to the hand.  Upon hearing, the chairman of the commission decreed that the time during which the compensation was to be paid should be extended to one hundred twelve and one half weeks.  An appeal was taken.  The appeal must be sustained.

Contracts free from fraud must be respected and enforced as made. This is true of ordinary contracts.  With greater reason is it true of compensation agreements which are made by the parties, officially approved and have the force of judgments.

Parties indeed have wide latitude in making agreements subject to approval.  They may, of course, make agreements contemplating a part only of the injuries suffered, leaving a part for further agreement or decree.  Agreements are "final and binding to the extent of the facts agreed upon and the conditions covered by them as a basis for the compensation to be paid."  *Foster's Case*, 123 Maine, 27.

In this case the conditions covered as a basis of compensation included "injured hand."  The agreement for compensation for injured hand is final and binding.  Neither the Commission nor the court has authority to add any further obligation to the contract which the parties have made and the commission approved.  No further specific compensation for injured hand can be compelled to be paid through calling that injury to the hand "permanent impairment" of the hand.  See *Maxwell's Case*, 119 Maine, 507; *Morin's Case*, 122 Maine, 338; *Walker's Case*, 122 Maine, 388; *Foster's Case*, supra.

It may be that the agreement was an unfortunate one for the petitioner. But the commission cannot relieve parties from the consequence of unwise contracts. They agreed on a settlement for the injured hand. The commission awarded further specific compensation for the same injury. This it was not authorized to do.

The agreement obviously did not contemplate partial incapacity after the specified period of seventy-five weeks, and it does not bar a petition to recover compensation for such partial incapacity. The petition related to compensation for presumed total disability.

The petition in this case being in no sense a petition for review, it is unimportant that it was filed after the expiration of the specified period of seventy-five weeks.

The case should be remanded to the commission. The petitioner should have leave to amend his petition, prove, if he can, loss of earning capacity, and receive compensation measured by such loss. *Foster's Case*, 123 Maine, 27.

*Appeal sustained.*
*Decree reversed.*
*Case remanded for further proceedings in accordance with opinion.*