## RIPLEY'S CASE.

### Oxford.    Opinion April 5, 1927.

*The period of three hundred weeks specified in Sections 15 and 16 of the Workmen's Compensation Act limits the time during which incapacity is compensable, but is not a limitation of the time for filing petitions.*

*While an approved agreement unlimited as to time and providing for the maximum compensation for total incapacity caused by an accidental injury remains in force, res adjudicata is a good defense to an original petition asking compensation for the same injury.    If the defense of res adjudicata is not pleaded it is waived.*

If a workman asks compensation for an accidental injury more than two years after its occurrence, and it appears that the injury for which compensation is claimed, is identical, with or a resultant of an injury specified in an approved agreement filed within said two years period, the remedy is not barred by the limitation of section 39.

On appeal.    The petitioner received a compensable injury to his right hand on August 20, 1919, resulting in blood poisoning.    An agreement for compensation was approved by the Commissioner of Labor September 11, 1919, under which the petitioner was paid compensation for total incapacity to January 22, 1920.    On May 3, 1926, Mr. Ripley filed an orignal petition asking for determination of permanent impairment to the usefulness of his right thumb, his right hand, and his right arm.    Upon this petition a hearing was held and the petitioner's right hand was found to have been permanently impaired to the extent of thirty-three and one third per cent and compensation was awarded accordingly and an appeal taken. Appeal denied.    Decree affirmed.

The case fully appears in the opinion.

*Alton C. Wheeler,* for petitioner.

*Robert Payson,* for respondents.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, JJ.

DEASY, J.    Workmen's Compensation Case.    The statutory reference are to Act of 1919 Chap. 238.

On August 20, 1919 the petitioner an employee of the Paris Manufacturing Co. suffered an industrial accident.

An agreement for compensation, approved by the Commissioner of Labor on Sept. 11, 1919, described the injury as "blood poisoning." The agreement provided for compensation at $7.82 per week for an indefinite period beginning Aug. 30. The petitioners average weekly wage was $13.04. The weekly compensation was the maximum authorized by the statute then in force. $134.24 was paid. Upon payment of the last installment, a receipt in full was given the insurance carrier by the petitioner, "subject to review and approval by the Industrial Accident Commission."

The receipt was not approved. Lacking approval it did not purport to be, and under the law was not binding. Sec. 41.

Nothing further was paid or done for more than six years. On May 3, 1926, Mr. Ripley filed an original petition to have determined the extent of permanent impairment of his "right thumb, right hand and right arm" due to the same accident. Upon this petition a hearing was held by the Commission.

The petitioner's right hand was found to have been permanently impaired to the extent of thirty-three and one-third per cent. By decree dated Aug. 21, 1926 compensation was awarded accordingly, subject however to a deduction of the amount paid in 1919.

In defense it is contended that the petition was filed more than 300 weeks after the injury. Only incapacity existing within 300 weeks is compensable.

But the 300 week period is not a limitation of the time for filing petitions. This defense is not well founded.

The respondents further plead the limitation prescribed by Sec. 39 which reads as follows: "An employee's claim for compensation under the act shall be barred unless an agreement or petition, as provided in section 30, shall be filed within two years after the occurrence of the injury."

The petitioner answers that the limitation does not apply because an agreement as provided in section 30 *was* filed within two years after the occurrence of the injury to wit, the agreement approved Sept. 11, 1919.

The respondents rejoin that the approved agreement of September 11, 1919 did not relate to the impairment of the petitioner's hand

for which he now claims compensation, but to "blood poisoning," a distinct injury.

The petitioner contends that the impairment of the hand, for which he now asks compensation, is identical with, or a resultant of the "blood poisoning" specified in the agreement, and that therefore the case is within the exception to the limitation. *Ryan's Case* 123 Me. 529.

The defendant's counsel relies upon the fact that the hand is not "mentioned" in the agreement, and that no connection between the two injuries can be discovered by inspection of the papers. This is not decisive. There is enough in the case to justify the conclusion that the impairment of the petitioners' hand was the result of the blood poisoning described in the agreement of 1919. The petition is not barred by Sec. 39.

Another defense is indicated by the facts. When an agreement is made, approved and in force respecting a given injury no original petition is necessary, or appropriate. *Gauthier's Case* 120 Me. 73. If compensation is sought for another injury an agreement or petition must be filed within two years, otherwise it is barred. But respecting the same injury no original petition to the Industrial Accident Commission is contemplated.

The approved agreement has the effect of a judgment. Sec. 35. The remedy for a party having such a judgment is to present it to a Court of Equity and obtain a "suitable process" to enforce it. Sec. 35.

The petitioner's agreement of 1919 was unlimited as to time. It was good for 300 weeks unless sooner lawfully terminated.

The attempted settlement, being unapproved, had no effect. No termination is shown.

The agreement provides for compensation at the maximum rate authorized by law at the time. Incapacity did not need to be presumed (Sec. 16) or proved. Sec. 15. Total incapacity was admitted by the agreement. So long as the agreement remained unterminated a petition alleging loss or permanent impairment of member was superfluous.

Having one judgment unterminated the petitioner is not entitled to another for the same injury. For this reason and not because of any limitation, if this defense had been pleaded, it would have barred the petition.

If the pending petition had been filed in two weeks instead of six years after the attempted settlement the then existing agreement

having the force of a judgment for the same compensation for the same injury would have constituted a complete defence. It is none the less so after six years.

But this defence not having been pleaded is waived. Sec. 32. *Brodin's Case* 124 Me. 162; *Clark's Case* 125 Me. 410.

Several cases are cited in the Briefs. Counsel stress *Lemelin's Case* 123 Me. 478. In that case the agreement was for a limited period of presumed incapacity. After the termination of such period a petition was brought under Sec. 16 for actual incapacity. The opinion says truly that for such petitions the statute imposes no limitation. This case differs widely from the pending case.

*Foster's Case* 123 Me. 29; Petition for compensation for presumed incapacity causing permanent impairment. Prior agreement shown providing compensation for the same presumed incapacity arising from same injury. Held, res adjudicata. So in pending case: Petition same as in Foster's Case. Prior agreement shown unlimited in time, never terminated, covering maximum compensation for total incapacity. Res adjudicata would have been good answer. *Spencer's Case* 123 Me. 46 and *Collins' Case* 123 Me. 74 confirm Foster's Case.

*Ryan's Case* 123 Me. 527: This case holds that when a petition is filed after two years it is not barred by the limitation of Sec. 39 if the injury described is identical with or a resultant of an injury specified in an approved agreement filed within two years. In the pending case the impairment of hand reasonably appears to have been the result of the blood poisoning specified in the agreement of 1919.

*Milton's Case* 122 Me. 437: A petition to determine degree of present disability under an open end agreement. This form of petition is not expressly authorized by statute, but is clearly authorized by necessary implication. It is held not subject to limitation.

After the last payment made in 1919 and notwithstanding the attempted settlement, the petitioner could have obtained from a Court of Equity an execution or other enforcement process.

Whether after a settlement intended to be final followed by an unexplained delay of six years this remedy is still open is a question that we are not now required to consider.

*Appeal denied.*
*Decree affirmed.*