ELDORE DEMERITT'S CASE.

Penobscot.    Opinion·August 15, 1929.

*Gordon F. Gallert,* for petitioner.
*Franklin Fisher,* for respondent.

SITTING: WILSON, C. J., DEASY, STURGIS, BARNES, BASSETT, JJ.
PHILBROOK, A. R. J.

BASSETT, J.    Appeal from the decree of a single justice rendered in accordance with the decision of the Associate Legal Member of the Industrial Accident Commission granting compensation to the

daughter, as sole dependent, of the deceased dependent widow of Ernest L. DeMeritt.

DeMeritt, while working as a foreman in the employ of the State Highway Commission, was killed on October 29, 1925. An agreement was made with his widow as a dependent for the payment of weekly compensation of $15.38 under Sec. 12 of the Workmen's Compensation Act. (Public Laws, 1919, Chap. 238, as amended by Public Laws, 1921, Chap. 222). Compensation was paid to her until her death, August 22, 1927.

The petitioner, daughter of DeMeritt and twenty-seven years of age at the mother's death, on December 24, 1927, brought this petition alleging the employment, accident and death of the employee and that she was his daughter and praying for an award of compensation as his dependent.

On February 2, 1928, an answer was filed, admitting the employment, accident and death and that compensation was paid to the widow as a dependent within the meaning of the act, but denying that the petitioner was a dependent of DeMeritt.

A hearing was held before the Associate Legal Member on November 14, 1928, at the beginning of which, before evidence was introduced, by agreement the allegation of the relationship of the petitioner to DeMeritt was stricken out and replaced by an allegation that compensation had been paid to the widow as dependent until her death and a new allegation added that the petitioner was daughter of the widow and was dependent upon her on August 22, 1927, the date of her death.

Section 12 of the Act provides:

"Sec. 12. Employers Liability for Death. If death results from the injury, the employer shall pay the dependents of the employee, wholly dependent upon his earnings for support at the time of his injury, a weekly payment equal to two-thirds his average weekly wages . . . for a period of three hundred weeks from the date of the injury, and in no case to exceed four thousand dollars; provided, however, that if the dependent of the employee to whom the compensation shall be payable upon his death is the widow of employee, upon her death or remarriage the compensation thereafter payable under this act shall be paid to the child or children of the de-

ceased employee, including adopted and step-children, under the age of eighteen years, or over said age, but physically or mentally incapacitated from earning, who are dependent upon the widow at the time of her death or remarriage."

The appellant contends that the petitioner must prove that she was a dependent of her father at the time of his injury. Paragraph VIII of Sec. 1 of the Act, which defines words and phrases used, provides "VIII. 'Dependents' shall mean members of the employee's family or next of kin, who are wholly or partly dependent upon the earnings of the employee for support at the time of the injury." It is contended that the petitioner must comply with this paragraph as well as with Sec. 12.

Not so. The paragraph defines "dependents" when used alone or with the further words "of the employee." But the petitioner would be entitled to compensation not as a dependent of the employee but as his child, physically or mentally incapacitated from earning and dependent at the death of his widow upon his widow. At the time of his injury, the widow was the dependent entitled to compensation. The act provides expressly and clearly for a contingency of her death or remarriage. The petitioner must comply with such express provision. There is no basis to imply any further provision of dependency on the employee at the time of his injury.

The appellant further contends that the petitioner under Sec. 12 must prove she was "physically or mentally incapacitated from earning" and was "dependent upon the widow at the time of her death," and that the Commissioner must so find.

This is so. His decree states that the petitioner was apparently never very well and in January, 1927, had to quit teaching because of bronchitis and lived at home with her mother; that the petitioner was ordered to refrain from work and to rest and take care of herself and had not worked since. "The sole question is whether or not on August 22, 1927, this claimant was physically or mentally incapacitated. The undenied testimony of the claimant is to the effect she was not able to work. . . . We believe claimant has sustained her petition. It is therefore ordered that the State Highway Commission, employer, pay Eldore DeMeritt, compensation, as sole dependent of Mrs. Ernest L. DeMeritt, deceased dependent widow of Ernest L. DeMeritt, at rate of $15.38 per week from

August 22, 1927, for balance of 300 weeks from October 29, 1925 . . . in accordance with the provisions of Sec. 12 of the Workmen's Compensation Act."

The appellant, admitting that this may be construed as a finding that the petitioner was physically incapacitated from earning, and we so construe it, contends that it can not be construed as a finding that she was dependent on the mother and that the Commissioner did not therefore find sufficient facts to support his decision.

The answer admitted the allegations of the petition. It also admitted that compensation was paid to the widow as a dependent of the employee, and denied that the petitioner was a dependent of the employee, neither of which facts was alleged. The amendment supplied an allegation of the former fact, payment to the widow, and added an allegation of dependency upon her at the date of her death. The answer was not amended. It therefore denied dependency on the father, which was not alleged, and did not deny dependency of the widow, which was alleged.

In the absence of an answer disputing material facts alleged in or disclosed by the petition, such facts may be treated as admitted. *McCollor's Case,* 122 Me., 136; *Ross' Case,* 124 Me., 108; *Brodin's Case,* 124 Me., 162; *Clark's Case,* 125 Me., 408; *Ripley's Case,* 126 Me., 173.

The petition did not allege and the answer did not deny that the petitioner was physically or mentally incapacitated from earning. The petitioner must prove this to be entitled to compensation. The Commissioner therefore proceeded without amending the petition to receive evidence on this point and to decide it. The most of the evidence concerned it. There was some evidence as to dependency on the widow.

We construe the decision of the Commissioner to mean that he held the one controverted fact before him was the petitioner's incapacity under Sec. 12 and that incapacity was the sole question for him to determine. Dependency on the widow being admitted because not denied in the answer and the petitioner being found unable to work and incapacitated under Sec. 12, the Commissioner concluded "We believe claimant has sustained her petition."

We think there was some competent evidence to support this finding of the Commissioner. *Butt's Case,* 125 Me., 245, 246.

The decree was for weekly payment after August 22, 1927, for the balance of the three hundred weeks from October 29, 1925, "in accordance with the provisions of Sec. 12 of the Workmen's Compensation Act." The section provides that the payment is "in no case to exceed four thousand dollars." This limitation, though not expressed in the decree was obviously meant to be included and the appeal is dismissed with that understanding and subject to that limitation.

*Appeal dismissed with costs.*
*Decree below affirmed.*