EVERETT O. ROWE
*vs.*
KEYES' FIBRE CO.

Kennebec.    Opinion, January 28,   1957.

*Jerome G. Daviau,* for plaintiff.

*Sanford L. Fogg,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

WILLIAMSON, C. J.  This case is before us on exceptions by the petitioning employee to a *pro forma* decree of a Justice of the Superior Court rendered in accordance with the decision of a member of the Industrial Accident Commission. Such a decree "may like equity decrees . . . be brought before this court for review either by an appeal therefrom or on exceptions thereto." *Girouard's Case,* 145 Me. 62, 67, 71 A. (2nd) 682; R. S., Chap. 31, Sec. 41.

> "Of course, exceptions to any part of a final decree can only present a question of law.  No questions of fact are open for consideration upon exceptions."

> *Emery* v. *Bradley,* 88 Me. 357, 359, 34 A. 167.

See also Whitehouse Equity Jurisdiction Pleading and Practice in Maine (1900 ed.) Sec. 614.  The question of law is whether the commissioner had authority to terminate compensation for partial disability after hearing on the original petition and answer.

In his petition dated March 30, 1956, the petitioner stated, first, that on August 18, 1955 "while working as a tractor operator in the employ of Keyes Fibre Company . . ., I received a personal injury by accident arising out of and in the course of my employment, of which the employer had due

knowledge or notice"; second, how the accident happened, and third, that the accident resulted in a described injury. He also prayed "that he may be awarded such compensation as he may be entitled to." The respondent "for answer denies each and every allegation in the petition."

After hearing, the commissioner entered his decision in August 1956 calling for "compensation for partial incapacity to work, at the rate of $16.54 per week, during the period from October 4, 1955, up to and including March 16, 1956, at which time compensation shall cease, subject to the provisions of the Workmen's Compensation Act."

From the commissioner's findings it appears that the partial disability resulting from compensable injury ceased before the hearing on the petition. It was in light of this fact that the commissioner limited compensation to a given period.

The chief weight of petitioner's complaint in his exceptions is that the commissioner found the right to compensation had been terminated without a special petition for review by the respondent. In other words, on the petitioner's theory upon an original petition to determine liability and compensation and general denial thereof, the commissioner can establish the fact of compensable injury but not the fact that the same injury has ceased to exist. He also urges that the respondent, in the absence of an affirmative pleading to this end, waived any defense of a break in causation arising from an intervening cause, namely, from an injury received in shovelling snow in March 1956.

In our opinion after the hearing on this original petition and the answer, the decision was properly based upon all facts then appearing. The commissioner examined the situation as it existed. In this instance the employee was: (1) under no disability from the August accident to October 4; (2) under partial disability from October 4 to March 16; and (3) under no disability from March 16.

Let us suppose the partial disability had become total in March and continued to the time of hearing. If we understand petitioner's theory correctly, he would be limited in such a case to a decision of partial disability and only on review could he obtain a ruling of total disability. If the partial disability cannot be decreased on such a petition and answer, it cannot well be increased. Common sense leads to the conclusion that the disability and compensation to date of hearing be determined under the procedure adopted in this case.

The Workmen's Compensation Act (R. S., c. 31) does not require a different result. Under Section 35, the answer to the petition "shall state specifically the contentions of the opponents with reference to the claim as disclosed by the petition." The respondent is limited in his defense by his answer. For example, a time limitation for filing a petition and *res adjudicata* must be pleaded. *McCollor's Case,* 122 Me. 136, 119 A. 194; *Ripley's Case,* 126 Me. 173, 137 A. 54. Material facts are admitted when not disputed in the answer. *Demeritt's Case,* 128 Me. 299, 147 A. 210. From such cases, however, we find no compelling reason to say that a general denial of liability is not sufficient to permit the determination of disability and compensation for the entire period from accident to hearing.

Section 38 of the Act provides for petitions for review of incapacity. It is operative "while compensation is being paid under any agreement, award or decree." Only then may the incapacity "from time to time be reviewed." We are not here concerned with further compensation after compensation has ceased.

In our opinion Section 38 has at no time been applicable to the respondent. Until the decision in August last, there was no order to pay compensation. The order then entered called not for payments in the future based on an existing and con-

tinuing disability, but for a determined and settled period of disability ending in the past. The statute does not require that there be two hearings in a situation such as this—the first to start, and the second to end, compensation.

It will serve no useful purpose to discuss the exceptions in detail. Insofar as they concern questions of fact, they are not before us. Our views on the questions of law are covered in the discussion above.

The entry will be

*Exceptions overruled.*

*Decree affirmed.*