**Gerald WACOME, Jr.**

v.

**PAUL MUSHERO CONSTRUCTION COMPANY and Lumbermen's Mutual Insurance Company.**

Supreme Judicial Court of Maine.

Argued Sept. 11, 1985.

Decided Oct. 3, 1985.

Daviau, Jabar & Batten, Robert Daviau (orally), Waterville, for plaintiff.

Richardson, Tyler, & Troubh, Eve Cimmet (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The employee, Gerald Wacome, appeals from the judgment of the Appellate Division of the Workers' Compensation Commission, affirming the denial of petitions brought against his employer, Paul Mushero Construction Company, for award of compensation, further compensation and annulment of the original compensation agreement. The Commission ruled the employee's claim was barred by res judicata. Because we hold that ruling is erroneous, we vacate the judgment.

I.

On August 19, 1980, the employee suffered an injury to his left foot and lower back resulting from an accident in the course of and arising out of his employment with the employer.

On September 22, 1980, the parties agreed to an open period of compensation. The agreement described the compensable injury as "broken left toes and pulled ligaments & [a] sprained foot." Although the employee was aware of both his foot and back injuries at the time of signing the compensation agreement, the agreement did not contain a description of his back

injury. The employee agreed to discontinue compensation under the agreement on January 7, 1981.

On June 16, 1982, the employee sought recovery for his back injury, which had then become disabling, by filing separate petitions for award of compensation, further compensation, and annulment of the original agreement. All three petitions were denied by the Commission on May 19, 1983. On appeal, the Appellate Division affirmed the decision of the Commission.

## II.

The employer contends that because the employee was aware of his back injury when he signed the original compensation agreement, the Commission properly ruled that any subsequent recovery of compensation for that injury is barred by the doctrine of res judicata. We disagree.

Recovery for an injury occurring in the course of and arising out of one's employment but not described in an ensuing compensation agreement is controlled by *Spencer's Case*, 123 Me. 46, 121 A. 236 (1923). There, the employee sustained an injury to the thumb and two fingers of his left hand, but in the approved compensation agreement described only the injuries to his two fingers. *Id.* 123 Me. at 47, 121 A. at 236. The employee later filed a petition to determine the extent of permanent impairment to his thumb, and the Commission awarded compensation. *Id.* In affirming the Commission's award, we stated:

> The original agreement had the legal effect of a judgment on what it purported to cover, but it covered only the injury to the fingers. The thumb was not included. Therefore the claimant still had the legal right to file the present original petition for injury to his thumb....

*Spencer's Case*, 123 Me. at 47, 121 A. at 236.

The case at bar falls squarely within the purview of the cited principle of law. Only the employee's foot injuries were described in the approved agreement. The compen-

sation paid was for the described foot injuries. The agreement does not purport to cover any injury to the employee's back, and no agreement exists between the parties concerning those injuries. The employee retains the legal right to seek compensation for the injury to his back.

The entry is:

Judgment of the Appellate Division vacated; remanded to the Appellate Division to enter judgment vacating the decision of the Commission and remanding to the Commission for further proceedings consistent with the opinion herein.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.